410 A.2d 1272

**COMMONWEALTH of Pennsylvania**

**v.**

**Winnie HUGHES, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 8, 1978.

Filed Sept. 28, 1979.

George E. Lepley, Jr., Assistant Public Defender, Williamsport, for appellant.

William S. Kieser, District Attorney, Williamsport, for Commonwealth, appellee.

Before CERCONE, HESTER and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that the evidence adduced at trial was insufficient to support the verdict of the court below convicting her of the misdemeanor disorderly conduct. We disagree and, accordingly, affirm the judgment of sentence.

The evidence presented by the Commonwealth may be summarized as follows: A party was in progress at the home of Diane Smith at 4:35 A.M. on July 9, 1977, when appellant and a friend arrived and asked to be admitted. When appellant's request was refused, appellant grabbed Diane Smith's glasses from her face and broke them. Diane called the police after several persons had unsuccessfully attempted to persuade appellant and her friend to leave. Appellant and her companion crossed the street and began shouting obscenities and threats at the Smith home. Although the police arrived and repeatedly asked appellant and her friend to leave, the women continued to shout and began to yell at the officers. Police then arrested appellant's companion, at which point appellant yelled "let her go," and spit in the face of one of the officers. Despite appellant's resistance, police finally arrested appellant and placed her in the police car. The court below convicted appellant of disorderly conduct (misdemeanor)[1] and sentenced her to fifteen days to three months imprisonment. Appellant filed post-verdict motions and now appeals from the denial of those motions.

In reviewing the sufficiency of the evidence in a criminal case, we must determine "whether, viewing the evidence in the light most favorable to the Commonwealth and drawing all proper inferences favorable to the Commonwealth, the trier of fact could reasonably have found that all

---

1. 18 P.C.S.A. § 5503. The statute provides for grading of a disorderly conduct offense as either a misdemeanor or a summary offense. *Id.* at § 5503(b). If the actor "persists in disorderly conduct after reasonable warning or request to desist," the offense is a misdemeanor. *Id.* Appellant does not challenge the grading of her offense on this appeal, and the evidence presented by the Commonwealth indicates that she was repeatedly asked to desist.

of the elements of the crime have been established beyond a reasonable doubt." *Commonwealth v. Kramer*, 474 Pa. 341, 345, 378 A.2d 824, 825 (1977)(quotation omitted). The act element of the crime of disorderly conduct may be established by a showing that the defendant engaged "in fighting or threatening, or in violent or tumultuous behavior" or that he made "unreasonable noise" or used "obscene language" or gestures.[2] 18 P.C.S.A. § 5503(a). The intent requirement of the crime may be met by a showing of either intent to cause or reckless disregard of the risk of "public inconvenience, annoyance or alarm." *Id.* A person may be guilty of disorderly conduct within the definition of section 5503 if, in the presence of members of the general public he shouts obscenities "although the principal intent of the defendant may have been to insult the police rather than to cause *public* inconvenience, annoyance or alarm." *Commonwealth v. Hicks*, 3 D. & C.3d 441 (1975).

■ Appellant contends that her conviction was based upon inconsistent evidence. Viewing the evidence in the light most favorable to the Commonwealth, however, the lower court, as factfinder, could find that appellant shouted threats and obscenities at members of the general public and at police officers at an early hour in the morning with reckless disregard of the clear risk of public inconvenience, annoyance or alarm. Appellant's challenge to the Commonwealth's proof of intent, based on her assertion that "appellant used obscene language because she thought she and co-defendant were arrested without cause" is likewise without merit. *See Commonwealth v. Hicks, supra.* Appellant's mistaken belief in her justification in taunting the police does not vitiate her recklessness with regard to annoyance of the other members of the public in the vicinity. Accordingly, we must affirm the judgment of sentence of the lower court.

Judgment of sentence affirmed.

**2.** The act element of the crime is also met where the actor "creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor." 18 P.C.S.A. § 5503(a)(4).