## **Commonwealth v. Petro**

*Dale Fouse, assistant district attorney,* for the commonwealth.

*Debra Genevie,* for defendant.

REED, *P.J.,* January 20, 1989 —

### HISTORY OF THE CASE

This case is on appeal from the sentence of the court on a charge of disorderly conduct. Defendant was convicted by a jury and was sentenced by the court to a term of not less than one month nor more than 12 months in the Beaver County jail. Following the conviction defendant filed post-verdict motions which were denied by the court. This opinion is being filed for the purpose of setting forth the reasons for the denial of the post-verdict motions.

## STATEMENT OF FACTS

On July 28, 1987 defendant in this case was operating a motor vehicle on a two-lane public highway in Beaver County. He was being followed by the prosecuting officer in this case who observed that the vehicle was being operated in an erratic manner. The car was weaving across the center line of the highway and almost struck another vehicle coming from the opposite direction. The officer pulled defendant over in the parking lot of a bar. The officer and defendant both got out of their vehicles at the same time. Defendant approached the officer staggering and waving his arms and yelling obscenities at him. The officer testified that he smelled the odor of alcohol on defendant's breath and that defendant swung at him but did not hit him. Defendant grabbed the officer and there was an ensuing struggle during which defendant injured the officer by twisting his thumb.

Defendant was charged with driving while under the influence, three counts of disorderly conduct and aggravated assault on a police officer. The jury acquitted defendant of driving under the influence and found him guilty on all of the other counts. Defendant filed motions for new trial and in arrest of judgment. The charge of aggravated assault was dismissed pursuant to the post-verdict motions. The post-verdict motions were otherwise denied.

## STATEMENT OF QUESTIONS

(1) Is the evidence sufficient to sustain the verdict of guilty of disorderly conduct?

(2) Was the cross-examination of defendant by the district attorney so improper as to require a new trial?

## DISCUSSION

*The Evidence is Sufficient to Sustain the Verdict of Guilty of Disorderly Conduct.*

Defendant was charged with violations of three different sections of the disorderly conduct statute. This statute is as follows:

"§5503. Disorderly conduct —

"(a) *Offense defined* — A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:

"(1) engages in fighting or threatening, or in violent or tumultuous behavior;

"(2) makes unreasonable noise;

"(3) uses obscene language, or makes an obscene gesture; or

"(4) creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor.

"(b) *Grading* — An offense under this section is a misdemeanor of the third degree if the intent of the actor is to cause substantial harm or serious inconvenience, or if he persists in disorderly conduct after reasonable warning or request to desist. Otherwise disorderly conduct is a summary offense.

"(c) *Definition* — As used in this section the word 'public' means affecting or likely to affect persons in a place to which the public or a substantial group has access; among the places included are highways, transport facilities, schools, prisons, apartment houses, places of business or amusement, any neighborhood, or any premises which are open to the public."

It is clear that the evidence warranted the jury finding from the evidence that defendant had en-

gaged in fighting or violent behavior, that he used obscene language, and that he created a hazardous condition.

It is defendant's contention that the evidence was insufficient to support a finding that defendant engaged in conduct with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof. It is apparently defendant's argument that because his conduct was directed toward a police officer it should not be disorderly conduct.

The intent requirement can be satisfied with respect to a disorderly conduct where defendant shouts obscenities intended to insult the police rather than cause the public inconvenience, annoyance or alarm. It can also be met by the showing of intent to cause or reckless disregard of the risk of such public inconvenience, annoyance or alarm. Furthermore, no specific member of the public has to be disturbed in order for the requisite element to be present. *Commonwealth v. Kidd*, 296 Pa. Super. 393, 442 A.2d 826 (1982); *Commonwealth v. Hughes*, 270 Pa. Super. 108, 410 A.2d 1272 (1979). It has also been held that one may be convicted of disorderly conduct for engaging in shouting obscene or profane names or insults at a police officer in public while the officer is attempting to carry out a lawful duty. *Commonwealth v. Pringle*, 304 Pa. Super. 67, 45 A.2d 103 (1982). In *Commonwealth v. Brenneman*, 172 Pa. Super. 198, 92 A.2d 894 (1952), it was held that the elements of the charge of disorderly conduct were established by evidence of vile, loud and boisterous language used upon a public highway of such a type and character that could disturb the peace of the neighborhood. It is also clear that the evidence was sufficient to enable the jury to conclude that defendant intended to

cause "public inconvenience" as that term is defined in the statute.

In this case it is clear that the elements of the crimes of disorderly conduct were present and that the jury could have convicted defendant on the basis of the evidence presented.

### Questions Asked on Cross-Examination of Defendant Are Not Sufficient to Warrant the Granting of a New Trial

Defendant is claiming that the district attorney asked an improper question on cross-examination which entitles defendant to a new trial. The question occurred at the end of a series of questions during which the district attorney asked if defendant realized that his testimony amounted to calling the police officer a liar and that was the same as saying the police officer made up the entire story. The final question was "Do you realize that he could be risking his career by doing what you say he did?" There was an objection to that question by defense counsel. At side bar, the court asked defense counsel what she was requesting the court to do if the objection were sustained. Defense counsel's response indicated that she did not desire the court to give any precautionary instructions.

Defense counsel contends that the question was improper and denied defendant a fair trial based on the ABA's standards for prosecutors. These appear to have little or no applicability in this case. The cited section of the ABA standard refers to argument made by prosecution, not questions asked on cross-examination. The question asked by the district attorney obviously was intended to point out the comparative credibility of defendant and the police officer. Even if improper, the single question was not grounds for a new trial.

## CONCLUSION

The evidence in this case was clearly sufficient to sustain the verdict of disorderly conduct. For these reasons the post-verdict motions filed by defendant were denied.