## Commonwealth v. Danley

*Robert B. Sacavage, assistant district attorney,* for the Commonwealth.

*Harry V. Klein,* for defendant.

RANCK, *P.J.,* April 12, 1991—Before this court is defendant's writ of habeas corpus filed after defendant was charged with two counts of driving

under the influence, driving under suspension, and the summary offense of disorderly conduct. The issue is whether displaying of the middle finger to others constitutes probable cause for defendant's vehicle being stopped resulting in his arrest for driving under the influence, driving under suspension and disorderly conduct.

## FINDINGS OF FACTS

(1) On August 26, 1990, Trooper Martin of the Pennsylvania State Police was traveling North on Front Street and entering Market Street in the city of Sunbury.

(2) The trooper was driving behind a garbage truck which the defendant was driving.

(3) The defendant displayed his middle finger twice out of the driver's side to other people, and one time out of the right side of the garbage truck.

(4) Trooper Martin stopped the garbage truck on 11th Street near the Sunbury Community Hospital, and defendant exited the vehicle.

(5) The trooper noticed the odor of alcohol about defendant's breath as well as his glassy blood-shot eyes.

(6) Defendant failed the sobriety tests and yielded an intoxilyzer score of .115.

(7) Defendant was charged with violating section 1543 and section 3731 of the Vehicle Code, and Disorderly Conduct section 5503 as a result of the stop.

## DISCUSSION

The Commonwealth contends that the displaying of his middle finger by the defendant constitutes probable cause for stopping defendant's vehicle.

Disorderly conduct as defined at 18 Pa.C.S. section 5503, in part, reads as follows:

(a) A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he;

(b) uses obscene language, or makes an obscene gesture. . . .

The act element of the crime disorderly conduct may be established by showing that defendant engaged in using obscene language or gestures. *Commonwealth v. Hughes,* 270 Pa. Super. 108 at 111, 410 A.2d at 1274 (1979). In 18 Pa.C.S. 5503, it provides for the grading of disorderly conduct as a misdemeanor if the actor persists after a reasonable warning or request to desist, otherwise the action is a summary offense. The intent required for disorderly conduct is a show of intent to cause or reckless disregard of risk of public inconvenience, annoyance or alarm. *Hughes,* 270 Pa. Super. at 111, 410 A.2d at 1273.

In order to successfully convict a defendant for disorderly conduct, defendant's due process rights must not have been abridged. There must be a statute or judicial decision giving notice at the time of defendant's conduct that his actions are obscene. *Pringle v. Court of Common Pleas,* 778 F.2d 998 (3d Cir. 1985).

In the present case, defendant exhibited his middle finger in public. Although the act is offensive, it is the position of this court that this act in itself is not obscene as defined by our appellate courts. However, assuming that said act was obscene, pursuant to *Pringle,* defendant's due process rights were violated in that defendant had no notice via statute or case law to alert him to the fact that a display of the middle finger is obscene. In *Pringle,* the 3rd Circuit of the U.S. Court of Appeals held that

78

section 5503(a) as applied to the speech of the defendant, who shouted to the police "godamn f---ing pigs" and "f---ing pig, let him go" did not meet constitutional requirements of adequate notice because there was no statute or case law to alert the defendant that the speech in question constituted disorderly conduct.

In the present case, we cannot find that section 5503(a), as applied to the defendant's display of his middle finger, meets the constitutional requirements of adequate notice. Thus, the officer had no probable cause to stop the defendant.

For the foregoing reasons, we enter the following

## ORDER

And now, April 12, 1991, it is ordered and directed that defendant's motion to dismiss complaint is granted and said action is dismissed.