**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Eugene L. COON, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 18, 1996.

Filed May 9, 1997.

Reargument Denied July 18, 1997.

---

James A. Ashton, Pittsburgh, for appellant.

Wayne B. Gongaware, Asst. Dist. Atty., Greensburg, for Commonwealth, appellee.

Before POPOVICH, JOHNSON and HESTER, JJ.

POPOVICH, Judge:

This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Westmoreland County following appellant's conviction on the charges of disorderly conduct (a misdemeanor of the third degree) and harassment (a summary offense). Herein, appellant contends the following: (1) The information should have been quashed because there was a fatal variance between the complaint and the information; (2) The evidence was insufficient to sustain his conviction on the charge of disorderly conduct as a misdemeanor of the third degree; (3) The verdicts were inconsistent; (4) The trial court erred in permitting David Werner, Sr., to testify that he was a "mean drunk" and to testify regarding his quality of driving prior to the incident; (5) The trial court erred in permitting Police Officer Kenneth Karras to testify that a furrow found in the ground at the scene of the incident was consistent with the mark of a bullet; (6) The trial court erred in preventing him from testifying as to an alleged extortion; (7) His sentence was illegal in that the trial court failed to follow the sentencing guidelines, failed to merge the charge of harassment with the charge of disorderly conduct, and imposed illegal conditions. We vacate the judgment of sentence and remand for resentencing.

The relevant facts and procedural history are as follows: During the afternoon of November 6, 1994, appellant was at his home in Stahlstown, Pennsylvania, attempting to take a nap. He was unable to sleep due to noise created by gunfire. Approximately seven hundred feet from appellant's residence, his neighbor, Gary Klein, was hosting a birthday party for his four-year-old son. During the party, Mr. Klein and some of his guests engaged in target shooting practice on Mr. Klein's private property. Becoming frustrated by the noise and his inability to sleep, appellant shot approximately four bullets in the direction of the shooting range. Approx-imately two bullets passed above the party-goers' heads into a cluster of trees. Two of the party-goers were struck by tree bark dislodged by the bullets. The party-goers became frightened and took refuge behind a building. Another bullet was shot and struck the ground. Believing that the bullets had been fired from appellant's property, one of the party-goers, David R. Warner, Sr., approached appellant's residence. Mr. Warner engaged in a conversation with appellant wherein appellant stated, "I taught Gary a fucking lesson. I took a 30 aught 6 and shot a couple of rounds over his head ... now I have to clean the fucking gun." N.T. 11/20/1995 p. 36. Mr. Werner then specifically asked appellant if he was the person who had fired the shots. Appellant responded, "Yeah, it was me." N.T. 11/20/1995 p. 36. Mr. Werner returned to the party and reported his conversation with appellant to the other party-goers. Appellant then fired another bullet. Appellant was familiar with the shooting range's location.

Following a non-jury trial, appellant was convicted of disorderly conduct as a misdemeanor of the third degree and harassment. On his conviction for disorderly conduct, appellant was sentenced to one year of intensive probation, including six months of electronic monitoring, and work release so as to continue his employment as Sheriff of Allegheny County. He was also ordered to undergo a drug and alcohol evaluation, to pay the court costs and fees, to have no contact with the victims, to attend a minimum of two alcoholic anonymous meetings per week, to stay away from his residence in Stahlstown, Pennsylvania and to refrain from any political activity. On his conviction for harassment, he was fined $200.00 plus costs. Appellant filed post-sentence motions which were denied. This appeal followed.

Appellant's first contention is that the information should have been quashed because there was a fatal variance between the criminal complaint and the information. In this case, after the filing of the criminal complaint, which charged appellant with disorderly conduct as a summary offense, appellant waived his right to a preliminary hearing. The case was transmitted to the

district justice, who docketed the disorderly conduct offense as a misdemeanor of the third degree. Thereafter, the district attorney prepared an information charging appellant with disorderly conduct as a misdemeanor of the third degree, and the trial judge who heard the evidence found appellant guilty of the offense. Appellant argues that it was improper for the district attorney to upgrade the disorderly conduct charge without leave of court or the issuance of new process. We find that appellant has failed to preserve this issue for review.

Pa.R.Crim.P. 225(b)(5) governs the filing, content, and function of an information. Specifically, Rule 225 provides the following:

(a) After the defendant has been held for court, the attorney for the Commonwealth shall proceed by preparing an information and filing it with the court of common pleas.

(b) The information shall be signed by the attorney for the Commonwealth and shall be valid and sufficient in law if it contains:

(5) a plain and concise statement of the essential elements of the offense substantially the same as or cognate to the offense alleged in the complaint. . . .

■ Counsel for appellant concedes that he received a copy of the information dated March 9, 1995, well before appellant's trial commenced. However, he did not challenge the validity of the information until November 22, 1995, after the Commonwealth completed its case-in-chief at trial. The record reveals that counsel failed to file an omnibus pretrial motion to quash the information. "A request to quash an information must ordinarily be made in an omnibus pretrial motion for relief or it is considered waived. Consequently, this issue was not preserved for review." *Commonwealth v. Rishel*, 441 Pa.Super. 584, 658 A.2d 352, 358 (1995), *rev'd on other grounds,* 546 Pa. 48, 682 A.2d 1267 (1996) (citations omitted). *See* Pa.R.Crim.P. 306.

■ Appellant's next argument is that the evidence was insufficient to sustain his conviction on the charge of disorderly conduct as a misdemeanor of the third degree. "In reviewing the sufficiency of the evidence, we view all the evidence admitted at trial in the light most favorable to the Commonwealth, as verdict winner, to see whether there is sufficient evidence to enable the jury to find every element of the crime beyond a reasonable doubt." *Commonwealth v. Thomas,* 522 Pa. 256, 561 A.2d 699, 702 (1989) (citations omitted). "This standard is equally applicable to cases where the evidence is circumstantial rather than direct so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt." *Commonwealth v. Sanders,* 426 Pa.Super. 362, 627 A.2d 183, 185 (1993) (citation omitted). Although a conviction must be based on "more than mere suspicion or conjecture, the Commonwealth need not establish guilt to a mathematical certainty." *Commonwealth v. Badman,* 398 Pa.Super. 315, 580 A.2d 1367, 1372 (1990) (citation omitted). With this as our standard of review, we find that the evidence was insufficient to sustain appellant's conviction for disorderly conduct as a misdemeanor of the third degree.

■ Appellant was convicted of disorderly conduct under 18 Pa.C.S. § 5503(a)(4), graded as a misdemeanor of the third degree under 18 Pa.C.S. § 5503(b). Section 5503 provides in relevant part that:

*(a) Offense defined.*—A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:

(4) creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor.

*(b) Grading.*—An offense under this section is a misdemeanor of the third degree if the intent of the actor is to cause substantial harm or serious inconvenience or if he persists in disorderly conduct after reasonable warning or request to desist. Otherwise, disorderly conduct is a summary offense.

*(c) Definition.*—As used in this section, the word "public" means affecting or likely to affect persons in a place to which the public or a substantial group has access; among the places included are highways, transport facilities, schools, prisons, apartment houses, places of business or amuse-

ment, any neighborhood, or any premises which are open to the public.

Appellant alleges that the Commonwealth failed to prove that his conduct affected the public or that he had the proper *mens rea.* We agree.

■ To convict appellant on the charge of disorderly conduct as a misdemeanor of the third degree, the Commonwealth was required to prove that appellant intended to cause substantial harm to the *public* or serious *public* inconvenience by his actions, or that he persisted in disorderly conduct after a reasonable warning or request to desist was made. 18 Pa.C.S. § 5503(b). The word "public" is defined by the statute as "affecting or likely to affect persons in a place to which the public or a substantial group has access; among the places included are highways, transport facilities, schools, prisons, neighborhoods, places of business, or any premises which are open to the public." 18 Pa.C.S. § 5503(c). Here, the Commonwealth has failed to prove that appellant had the requisite intent to cause substantial harm to the *public* or serious *public* inconvenience. The evidence reveals that appellant shot four bullets directly from his front porch onto Gary Klein's private property, away from the street or the public highway. Mr. Klein's home, including the target shooting area, is not open to the public and his residence is a private dwelling, not an apartment building. *Commonwealth v. Beattie,* 411 Pa.Super. 177, 601 A.2d 297 (1991). Mr. Klein's property, including the target shooting area, is located in a rural community, approximately seven hundred feet from appellant's residence and approximately two hundred and fifty feet from the closest residence. Applying the statutory definition of "public" to the circumstances of this case, it is clear that appellant's shooting of the four bullets onto Mr. Klein's private property was not done "in a place to which the public or a substantial group had access." *Beattie, supra* (officer who confronted appellant on appellant's private property, which was a two-acre lot abutting property belonging to a water company and an unoccupied two-acre lot, did not confront appellant in a place to which the public or a substantial group had access).

The Commonwealth argues that even though appellant's conduct occurred on private property, appellant's conduct affected many members of the neighborhood who were congregating on Mr. Klein's property and who were in the vicinity of the shooting range. Therefore, the Commonwealth argues, even though the property lacked "public character," the public was affected since members of the neighborhood were present. *See Commonwealth v. Alpha Epsilon Pi,* 373 Pa.Super. 178, 540 A.2d 580 (1988) (if appellant's conduct "affects the neighborhood," the Commonwealth has proven that the "public" was affected). Even if we were to determine that the "public was affected" in this case, the Commonwealth would still be required to prove that appellant had the proper *mens rea.* That is, the Commonwealth would be required to prove that appellant specifically intended to cause serious *public* inconvenience or substantial harm to the *public,* or that appellant persisted in disorderly conduct after reasonable warning or request to desist was made. *Commonwealth v. Young,* 370 Pa.Super. 42, 535 A.2d 1141 (1988). Here, the Commonwealth has not alleged that appellant persisted in disorderly conduct after a reasonable warning or request to desist was made. Accordingly, we must determine whether appellant intended to cause substantial harm to the public or cause serious public inconvenience.

■ "A person acts intentionally with respect to a material element of an offense when ... it is his conscious object to engage in conduct of that nature or to cause such a result." *Commonwealth v. Sanders,* 426 Pa.Super. 362, 627 A.2d 183, 186 (1993) (citation omitted). A criminal intent may be proved by direct or circumstantial evidence. *Sanders, supra.* Here, appellant specifically denied that he intended to cause serious public inconvenience or substantial harm to the public. N.T. 11/22/1995 p. 498. Rather he testified that he meant to get "Gary Klein's attention" so that "he would stop shooting at the targets." N.T. 11/22/1995 p. 497. Because appellant denied any intent to cause serious public inconvenience or substantial harm to the public, any evidence supporting the specific intent had to be

gleaned from the circumstances. *Sanders, supra.*

■ The circumstances indicate that appellant stated the following to David R. Warner, Sr.: "I taught Gary [Klein] a fucking lesson. I took a 30 aught 6 and shot a couple of rounds over his head.... Now I have to clean the fucking gun." N.T. 11/20/1995 p. 36. From this statement, it is clear that appellant intended to cause *private* inconvenience or harm to Mr. Klein. He intended to "teach *Gary* a lesson" and believed that he "shot a couple of rounds over *his* head." There is no indication from this statement or from the record, that appellant intended to cause inconvenience or harm to anyone other than Mr. Klein. There is also insufficient evidence that appellant was aware that anyone other than Mr. Klein was present in the target shooting area or on the Kleins' property. We find that the evidence shows that appellant's actions were directed at a lone individual who, appellant believed, was unaccompanied in a remote area on private land.[1] As such, we find that the Commonwealth failed to show that appellant had the specific intent to cause substantial harm or serious public inconvenience. While we do not condone appellant's actions which placed the party-goers in fear, we cannot find that he has committed disorderly conduct as a misdemeanor of the third degree. "The crime of disorderly conduct is not intended as a catch-all for every act which annoys or disturbs people ... it is intended to preserve the public peace; it thus has a limited periphery beyond which the prosecuting authorities have no right to transgress...." *Commonwealth v. Greene,* 410 Pa. 111, 189 A.2d 141, 143 (1963). That periphery has been transgressed in this case. Therefore, we reverse the judgment of sentence for the charge of disorderly conduct as a misdemeanor of the third degree, and appellant is discharged with respect thereto.

Appellant's next contention is that the verdicts were inconsistent. Specifically, he alleges that it was inconsistent for the trial court to acquit him on the charges of recklessly endangering another person and simple assault but to convict him on the charges of disorderly conduct and harassment. Having found that the evidence was insufficient to sustain appellant's conviction on the charge of disorderly conduct, we need not address the merits of appellant's contention with respect thereto. However, we will address appellant's contention that his conviction on the charge of harassment was inconsistent with his acquittal on the charges of recklessly endangering another person and simple assault.

■ This Court has held that "consistency in verdicts in criminal cases is not necessary." *Commonwealth v. Swann,* 431 Pa.Super. 125, 635 A.2d 1103, 1104 (1994). "It is well-settled that juries may render inconsistent verdicts. Pursuant to Pa. R.Crim.P. 1101, 42 Pa.C.S.A., judges have the same powers as juries when a jury trial is waived. Accordingly, a judge, in a non-jury trial, has the power to render inconsistent verdicts." *Commonwealth v. Caine,* 453 Pa.Super. 235, 683 A.2d 890, 893 (1996) (citing *Commonwealth v. Harris,* 239 Pa.Super. 603, 360 A.2d 728 (1976)). As such, "this Court will not disturb a guilty verdict on the basis of apparent inconsistencies as long as there is sufficient evidence to support the verdict." *Commonwealth v. Miller,* 441 Pa.Super. 320, 657 A.2d 946, 948 (1995). Here, we find that the evidence was sufficient to support appellant's conviction on the charge of harassment.

In order to convict appellant on the charge of harassment, the Commonwealth was required to prove that appellant (1) with the intent to harass, annoy or alarm another

---

1. We note that there was testimony that appellant was informed that the Kleins were having a birthday party for their four-year-old son at their residence on November 6, 1994. N.T. 11/20/1995 p. 143. However, there was no testimony that appellant knew precisely at what time of the day on November 6, 1994, the party was going to be held or that he could see the guests' vehicles parked at the Kleins' residence. Moreover, we note that there is no evidence that during appellant's conversation with Mr. Werner appellant was informed that anyone other than the Kleins were at the Kleins' residence. Simply put, there was insufficient evidence that appellant was aware that anyone other than the Kleins were at home when the bullets were fired, or that he believed that anyone other than Mr. Klein was in the target shooting area.

person, (2) engaged in a course of conduct or repeatedly committed acts, (3) which alarmed or seriously annoyed another person, and (4) served no legitimate purpose. 18 Pa.C.S.A. § 2709(3); *Commonwealth v. Wheaton*, 409 Pa.Super. 622, 598 A.2d 1017 (1991).

■ The intent to harass, annoy or alarm another person may be inferred from the totality of the circumstances. *Commonwealth v. Beck*, 295 Pa.Super. 154, 441 A.2d 395 (1982). Here, appellant admitted at trial that it was his intent to "get Gary Klein's attention" when he shot four bullets in his direction so that Mr. Klein would cease shooting at the targets. In addition, Mr. Warner testified that appellant informed him that he "taught Gary a fucking lesson" by firing a "couple of rounds over his head." From this evidence, it can be inferred that appellant specifically intended to harass, annoy or alarm Gary Klein.

■ Section 2709(f) defines "course of conduct" as "a pattern of actions composed of more than one act over a period of time, however short, evidencing a continuity of conduct." This court has held that the definition of "course of conduct" contemplates more than an isolated verbal or physical act. *Commonwealth v. Tedesco*, 379 Pa.Super. 567, 550 A.2d 796 (1988). Here, appellant shot three bullets in Mr. Klein's direction during a twelve minute period. After speaking with Mr. Werner, appellant shot another bullet in Mr. Klein's direction. We find that this was sufficient evidence of a "course of conduct establishing a continuity of purpose in the mind of the actor." *Tedesco*, 550 A.2d at 800. *See Commonwealth v. Duncan*, 239 Pa.Super. 539, 363 A.2d 803 (1976) (where victim was attempting to sleep on a couch in the dormitory lounge area, and the appellant made three or four requests to engage in an illegal sexual act with her, there was sufficient evidence of a "course of conduct").

■ Moreover, we find that appellant's conduct alarmed Mr. Klein. Mr. Klein testified that while appellant was shooting in his direction, he became frightened, was concerned for the safety of his family, and "took cover." We find that his reaction was reasonable. *See Commonwealth v. Evans*, 299

Pa.Super. 529, 445 A.2d 1255 (1982) ("course of conduct" resulted in alarm or serious annoyance of a person of average sensibilities). Also, we find that appellant's conduct served no legitimate purpose. *Wheaton, supra* (an act which causes reprehensible instances of intentional imposition on another serves no "legitimate purpose"). Appellant testified that he fired four bullets at Mr. Klein in an effort to deter Mr. Klein from shooting at targets positioned on Mr. Klein's private property. There is no indication from the record that Mr. Klein was engaged in an unlawful activity or that appellant was justified in his actions. *Wheaton, supra* (in order to constitute a "legitimate purpose," the appellant's conduct must further some legitimate desire or objective). Accordingly, we find that the evidence was sufficient to sustain appellant's conviction on the charge of harassment and that the trial court did not err in rendering its verdict with respect thereto.

■ Appellant's next contention is that the trial court erred in permitting Mr. Werner to testify regarding appellant's quality of driving prior to the incident and to testify that appellant was a "mean drunk." Appellant contends that this testimony created an impermissible inference that he was intoxicated on the day at issue, that the testimony affected the outcome of the trial and that he was prejudiced. Therefore, he claims that he is entitled to a new trial. We find this contention to be meritless.

Initially, with the condition that the Commonwealth would establish the relevancy of the testimony, the trial court permitted Mr. Werner to testify regarding appellant's quality of driving prior to the incident. Mr. Werner testified that, while he was driving to the Kleins' residence, he observed appellant driving at a very slow rate of speed and swerving from the left to the right traffic lane. At the close of the Commonwealth's case-in-chief, defense counsel asked the trial court to strike the evidence regarding appellant's alleged intoxication, including Mr. Werner's testimony regarding appellant's quality of driving, since the Commonwealth failed to establish its relevancy. N.T. 11/22/1995 p.

383. The trial court granted defense counsel's request and stated the following:

There is no indicia whatsoever that the defendant had consumed alcohol, and so the evidence that was presented through Mr. Werner is indicative of nothing in that regard, because you don't have, as the case law requires in Pennsylvania, you are not able to tie it to the consumption of alcohol. Otherwise, it becomes irrelevant. I have to agree with [defense counsel] that absent some other testimony, that evidence standing alone is not relevant proof of anything going towards the proof of the Commonwealth's case, so I have to agree and I'm going to strike that testimony of Mr. Werner that described he and his wife following Mr. Coon prior to their arrival at the location of the party, and *the Court will not consider that.*

N.T. 11/22/1995 pp. 387–388 (emphasis added).

Defense counsel also asked the trial court to strike Mr. Werner's testimony that appellant was a "mean drunk." The trial court specifically stated that it was not going to consider the testimony in rendering its decision. N.T. 11/22/1995 p. 388. Moreover, we note that in its opinion, the trial court specifically stated the following:

The trial was conducted before a judge sitting without a jury. This Court was capable of disregarding superfluous, irrelevant statements regarding the defendant's alleged alcohol use, with the understanding that such evidence was not relevant to the elements of the offenses charged. These oblique references were not determinative of our verdict in this case.

Trial Court Opinion dated 8/28/1996 p. 19.

The trial court unequivocally stated that it did not consider Mr. Werner's testimony regarding appellant's alleged intoxication. Since there is no evidence that the trial court gave the testimony any weight whatsoever, appellant has failed to show that he was prejudiced. *Commonwealth v. Timer,* 415 Pa.Super. 376, 609 A.2d 572 (1992) (where there was no evidence that the trial court,

sitting without a jury, considered an arguably improper reference to appellant's prior criminal activity, a new trial was not warranted). *See Commonwealth v. Green,* 464 Pa. 557, 347 A.2d 682 (1975) (the judicial function is to hear proffered evidence and to decide whether it should be admitted into evidence, or if admitted initially, whether it should later be excluded; fact that judge, sitting without a jury, was exposed to prejudicial evidence is not enough to nullify the judge's verdict in the case without a showing that the prejudicial evidence affected the outcome). Accordingly, a new trial is not warranted on this basis.

■ Appellant's next contention is that the trial court erred in permitting Police Officer Kenneth Karras to testify that a furrow found in the ground between the target shooting area and appellant's residence was consistent with the mark of a bullet. Appellant contends that the Commonwealth did not establish a sufficient foundation permitting Officer Karras to state his opinion concerning the origin of the furrow. He also contends that Officer Karras' testimony was prejudicial because it established that appellant shot his firearm in the direction of the shooting range and not "into the woods on his own property."[2] As such, he contends that he is entitled to a new trial. We find that even if Officer Karras' testimony was improper, it was merely cumulative in nature. Six Commonwealth witnesses testified that they were on the Kleins' property on November 6, 1994, and that appellant shot four bullets in their direction. Accordingly, appellant has failed to show that he was prejudiced or that a new trial was warranted. *See Commonwealth v. Culmer,* 413 Pa.Super. 203, 604 A.2d 1090 (1992) (new trial not warranted where police officer's testimony was cumulative).

Appellant's next contention is that the trial court erred in preventing him from testifying as to an alleged extortion. Appellant alleges that Gary Klein and Jamie Tinkey, one of the party-goers, approached him on June 5, 1995,

---

**2.** At trial, appellant maintained that he shot two bullets into the woods on his own property. N.T. 11/22/1995 pp. 494, 495.

and intimated that for a certain sum of money they would "go away forever." Appellant further alleges that he approached the district attorney, told him about the incident, and requested permission to wear a bodywire to gather incriminating evidence regarding the alleged extortion. Appellant claims that the district attorney disbelieved his allegations and made no effort to investigate the matter. Appellant argues that the trial court should have permitted him to testify concerning this matter because it proved that the district attorney was biased against appellant and that, because of his bias, he elevated the disorderly conduct charge from a summary offense to a misdemeanor offense. Having found that there was insufficient evidence to sustain appellant's conviction on the charge of disorderly conduct, we need not address the merits of this contention.

Appellant's final contentions concern the propriety of his sentence. Specifically, he contends (1) that the trial court erred in failing to file a sentencing guideline form with respect to his conviction for disorderly conduct, (2) that his conviction for harassment merged with his conviction for disorderly conduct, (3) that he was sentenced outside of the sentencing guidelines on his conviction for disorderly conduct, and (4) that the trial court imposed illegal conditions on his conviction for harassment. Having found that the evidence was insufficient to support appellant's conviction for disorderly conduct, and reversing his judgement of sentence with respect thereto, it is unnecessary for us to address the merits of his contentions regarding his sentence for disorderly conduct. As for his allegation that illegal conditions were placed on his conviction for harassment, we find it to be meritless. The sentencing order reflects that appellant was fined $200.00 plus costs but that no conditions were imposed on his conviction for harassment.[3]

For all of the foregoing reasons, the judgment of sentence for the charge of disorderly conduct as a misdemeanor of the third degree is reversed, and appellant is discharged with respect thereto. Since we have reversed appellant's disorderly conduct conviction, we have altered the trial court's sentencing scheme. Clearly, the trial court intended appellant's punishment to consist of more than a fine plus costs. Accordingly, we must vacate the remaining judgment of sentence on appellant's harassment conviction and remand the matter to the lower court for resentencing in light of appellant's discharge. *Commonwealth v. Goldhammer,* 512 Pa. 587, 517 A.2d 1280 (1986).

Judgment of sentence reversed in part; vacated in part; and remanded for resentencing; jurisdiction relinquished.

---

3. We note that at the sentencing hearing the trial court inadvertently imposed a sentence of intermediate punishment on appellant's conviction for harassment and imposed the $200.00 fine plus costs on his conviction for disorderly conduct. After the hearing, defense counsel informed the trial court of its error. The trial court then instructed the clerk to amend the sentencing order to reflect that the intermediate punishment was imposed on appellant's conviction for disorderly conduct and that the $200.00 fine plus costs was imposed on his conviction for harassment. The sentencing order reflects that no conditions were placed on appellant's conviction for harassment.