**COMMONWEALTH OF PENNSYLVANIA,**
**Appellee,**

v.

**Jason P. SMITH, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 5, 2002.
Filed Nov. 12, 2002.

Stephen E. Hall, Meadville, for appellant.

Francis J. Schultz, Assistant District Attorney, Meadville, for Commonwealth, appellee.

* Retired Justice assigned to Superior Court.

Before: DEL SOLE, P.J., GRACI and MONTEMURO *, JJ.

MONTEMURO, J.

¶ 1 This is a *nunc pro tunc* appeal from judgment of sentence entered following Appellant's jury conviction of disorderly conduct, a misdemeanor of the third degree. The sentence imposed was 4 to 12 months' imprisonment. Appellant was arrested after landing two punches on a man in a bar who had spoken of him derisively to a third party.

¶ 2 Appellant argues that the evidence was insufficient for the jury to find him guilty of third degree misdemeanor disorderly conduct. Our standard in reviewing a sufficiency claim requires that all the evidence admitted at trial, and all the reasonable inferences to be drawn from that evidence, be viewed by the appellate court in the light most favorable to the verdict winner so as to determine whether there is enough evidence to enable the jury to find every element of the crime to have been proven beyond a reasonable doubt. *Commonwealth v. Coon*, 695 A.2d 794 (Pa.Super.1997), *appeal denied*, 717 A.2d 1027 (Pa.1998).

¶ 3 The relevant provisions of the disorderly conduct statute, 18 Pa.C.S.A. § 5503, read as follows:

(a) Offense defined.—A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:

(1) engages in fighting or threatening, or in violent or tumultuous behavior.

¶ 4 Appellant was charged with the third degree misdemeanor version of this offense which further requires:

(b) Grading.—An offense under this section is a misdemeanor of the third degree if the intent of the actor is to cause substantial harm or serious inconvenience ... Otherwise disorderly conduct is a summary offense.

¶ 5 Appellant argues that the evidence is insufficient because there was nothing presented to prove that his actions were directed at anyone except the victim. We are constrained to agree.

¶ 6 The trial court cites *Commonwealth v. Young*, 370 Pa.Super. 42, 535 A.2d 1141 (1988), for the proposition that "one who engages in disorderly behavior in a public place is guilty of disorderly conduct even if that behavior is directed toward a single individual." *Id.* at 1143. However, that case involves a summary charge, for which the *mens rea* may be simple recklessness. *See* 18 Pa.C.S.A. § 5503(a). As noted above, to prove the misdemeanor version of the offense, the statute requires a showing of specific intent "to cause substantial harm to the *public* or serious *public* inconvenience." *Coon, supra* at 798 (emphasis original).

¶ 7 "A person acts intentionally with respect to a material element of an offense when ... it is his conscious object to engage in conduct of that nature or to cause such a result." *Id.* (quoting *Commonwealth v. Sanders*, 426 Pa.Super. 362, 627 A.2d 183, 186 (1993)). Either direct or circumstantial evidence may be used to prove intent. *Id.* Here nothing of either variety was introduced: the fight, such as it was, began with words and escalated, apparently motivated by the victim's derogatory remarks about Appellant to a third party. Appellant argues that he struck the victim in self defense,[1] a matter accepted by the jury, which acquitted him of simple assault. No proof was introduced to show that wider threat was posed or intended to the other patrons of the bar by Appellant's actions.

¶ 8 In *Coon*, the appellant was found not guilty of third degree misdemeanor disorderly conduct for having fired a gun at his neighbor's home shooting range after being disturbed by the sound of gunfire from that direction. The evidence made clear that the appellant intended to cause "*private* inconvenience or harm," *Id.* at 799 (emphasis original), only to his neighbor, not to anyone else who might have been on his neighbor's property at the time. The present case is distinguishable from *Coon* to the extent that Appellant knew other people were present in the bar, and it is not clear whether Coon was aware that a party was being held on his neighbor's property. Otherwise, Coon made clear that he had discharged his gun to get even with the neighbor for disturbing his sleep. In this instance, too, there is simply nothing to show that Appellant's ambitions ranged any further than his adversary's jaw. Indeed, as soon he had struck the victim, he left the bar.

¶ 9 Because we find that there is insufficient evidence of the intent required for misdemeanor disorderly conduct to sustain the conviction, we reverse the judgment of sentence in this matter.

¶ 10 Judgment of sentence reversed. Appellant is discharged.

---

1. Since, under both the defense and prosecution versions of the incident Appellant initiated the confrontation, his self defense theory is somewhat less than persuasive. However, in acquitting Appellant of simple assault, the jury apparently found credible defense testimony that the victim threw the first punch but failed to strike Appellant who ducked. Appellant's subsequent swing landed a blow to the victim's face.