**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Dawn NORMAN, Appellant.**

Superior Court of Pennsylvania.

Argued March 23, 2004.

Filed May 27, 2004.

Aaron C. Finestone, Philadelphia, for appellant.

Jonathan M. Levy, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before: STEVENS, MONTEMURO,* and KELLY, JJ.

STEVENS, J.

¶ 1 This is an appeal from the judgment of sentence entered by the Court of Common Pleas of Philadelphia County after Appellant was convicted of making a false report to law enforcement authorities.[1] On appeal, Appellant claims that the evidence was insufficient as a matter of law to sustain her conviction for making a false report to law enforcement authorities. We affirm.

¶ 2 On October 18, 2001, Appellant and her co-defendant, Gina McFadden, were working as police officers and on duty in patrol car 1715. N.T. 10/16/02 at 220–224.

---

* Retired Justice assigned to the Superior Court.

1. 18 Pa.C.S.A. § 4906(b). Appellant was found not guilty of criminal mischief, 18 Pa. C.S.A. § 3304(a), two counts of unlawful use of a computer, 18 Pa.C.S.A. § 3933 (this stat-

ute was repealed by 2002, Dec. 16, P.L.1953, No. 226, § 12. It has been replaced by 18 Pa.C.S.A. § 7611), obstruction of justice, 18 Pa.C.S.A. § 5101, and criminal conspiracy, 18 Pa.C.S. § 903.

Throughout the day, a message had been repeatedly broadcasted over the MDT computers in the patrol cars concerning a missing truck containing hazardous materials. N.T. 10/17/02 at 69–72. In response to this message, at approximately 1:00 p.m., Officer McFadden sent a message over her MDT stating "[w]e don't care about that bullshit, we say fuck the USA. We hate America and we have anthrax in the back of our car, pussy." N.T. 10/16/02 at 7; N.T. 10/17/02 at 72. Concerned about the well-being of the officers and about a possible infiltration of the computer system, Appellant and Officer McFadden were summoned back to their police station. N.T. 10/16/02 at 7–9. Both officers denied any knowledge of the message. N.T. 10/16/02 at 8. When questioned further, Appellant stated that they had left their car unattended and unlocked while eating lunch and also when they made a stop so that Appellant could use the bathroom. N.T. 10/16/02 at 8–9. Throughout questioning that afternoon, Appellant and Officer McFadden repeatedly denied any knowledge of the message, expressed concerns about possible illness due to exposure to anthrax, and also expressed concerns that the message might have been sent by other polices officers as some form of revenge. N.T. 10/16/02 at 10–20, 23–24, 74–75. On October 30, 2001, Officer McFadden gave a written statement to the Internal Affairs Division of the Philadelphia Police Department, in which she denied all knowledge of the message and reiterated her statements from October 18, 2001, concerning the times the car was left unattended. N.T. 10/16/02 at 190–213. On November 1, 2002, Officer McFadden gave a second statement to Internal Affairs, retracting her first statement, in which she admitted to sending the message and lying about it to the investigating officers. N.T. 10/16/02 at 217–231. Also on November 1, 2002, Appellant gave a statement to Internal Affairs in which she admitted that she had seen the message on the MDT screen prior to its being sent and had lied about it to the investigating officers. N.T. 10/16/02 at 236–245.

¶ 3 A jury trial commenced on October 15, 2002, and on October 18, 2002, the jury found Appellant guilty of making a false report to law enforcement authorities. She was sentenced to six months non-reporting probation. Appellant filed a timely notice of appeal, and she was ordered to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P.1925(b). Accordingly, Appellant filed her 1925(b) statement, and the trial court subsequently issued its opinion.

¶ 4 Appellant argues that the evidence with respect to the making a false report to law enforcement authorities charge was not sufficient to sustain the verdict. Our standard of review for sufficiency of the evidence claims is well settled:

> In reviewing the sufficiency of the evidence, we view all the evidence admitted at trial in the light most favorable to the Commonwealth, as verdict winner, to see whether there is sufficient evidence to enable [the factfinder] to find every element of the crime beyond a reasonable doubt. This standard is equally applicable to cases where the evidence is circumstantial rather than direct so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt. Although a conviction must be based on "more than mere suspicion or conjecture, the Commonwealth need not establish guilt to a mathematical certainty."

*Commonwealth v. Coon,* 695 A.2d 794, 797 (Pa.Super.1997) (citations omitted). Moreover, when reviewing the sufficiency of the evidence, this Court may not substitute its judgment for that of the fact-finder; if the record contains support for the convictions

they may not be disturbed. *Commonwealth v. Marks,* 704 A.2d 1095, 1098 (Pa.Super.1997) (*citing Commonwealth v. Mudrick,* 510 Pa. 305, 308, 507 A.2d 1212, 1213 (1986)).

¶ 5 In the case at bar, Appellant was convicted of making a false report to law enforcement authorities, as a misdemeanor in the third degree. The crime of making a false report to law· enforcement authorities is set forth in 18 Pa.C.S.A. § 4906(b), which states:

> (b) Fictitious reports.—Except as provided in subsection (c), ·a person commits a misdemeanor of the third degree if he:
>
> (1) reports to law enforcement authorities an offense or other incident within their concern knowing that it did not occur; or
>
> (2) pretends to furnish such authorities with information relating to an offenses or incident when he knows he has no information relating to such offense or incident.

18 Pa.C.S. § 4906(b).

¶ 6 Here, the evidence at trial established that Appellant knew about the message that had been sent from her patrol car. N.T. 1016/02 at 237–240; 10/17/02 at 72. The evidence further established that, despite knowing about this message, Appellant lied to her superiors when questioned about the message, claiming that she knew nothing about it and intimating that the car and the MDT system had been infiltrated because she and Officer McFadden were away from the car at the time the message was sent. N.T. 10/16/02 at 7–20, 65–74, 236–245. This evidence was more than sufficient to sustain a conviction for making false reports. *See Com-*

*monwealth v. Hlatky,* 426 Pa.Super. 66, 626 A.2d 575, 582 (1993) (false statements made in response to questions by the police when the defendant had knowledge of the true nature of the incident was sufficient to sustain a conviction for making false reports).[2]

¶ 7 For all of the foregoing reasons, we affirm the trial court's judgment of sentence.

¶ 8 Affirmed.

---

**2.** We note that Appellant argues that she cannot be convicted of making false reports because she ultimately corrected her statement regarding the October 18, 2001 incident. However, Appellant has cited to no authority to support a claim that a person cannot be convicted of making false reports if the statements are corrected at a later date.