J-S60026-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KRISTI L. NEVEL | |
| Appellant | No. 90 MDA 2014 |

Appeal from the Order dated December 16, 2013
In the Court of Common Pleas of Montour/Columbia Counties
Montour County Criminal Division at No: CP-47-SA-0000003-2013

BEFORE: OTT, STABILE, and JENKINS, JJ.

MEMORANDUM BY STABILE, J.:                **FILED DECEMBER 04, 2014**

Appellant, Kristi L. Nevel, appeals from the December 16, 2013 order entered on January 9, 2014 in the Court of Common Pleas of Montour County dismissing Appellant's summary appeal and finding her guilty of disorderly conduct.[1] Following review of Appellant's sufficiency of evidence challenge, we affirm.

On September 23, 2013, Appellant was cited for disorderly conduct under 18 Pa.C.S.A. § 5503, which provides, in relevant part: "A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, [s]he: . . . (4) creates a hazardous or physically offensive condition by any act which

_____

[1] 18 Pa.C.S.A. § 5503(a)(4).

serves no legitimate purpose of the actor." 18 Pa.C.S.A. § 5503(a)(4). For purposes of § 5503, "the word 'public' means affecting or likely to affect persons in a place to which the public or a substantial group has access; among the places included are highways, . . . any neighborhood, or any premises which are open to the public. 18 Pa.C.S.A. § 5503(c).

Appellant filed a notice of summary appeal and a hearing was conducted on December 16, 2013. The prosecution's sole witness was Corporal Chad Thomas, the citing officer. Appellant testified on her own behalf. No other witnesses testified. The trial judge summarized the evidence and announced his credibility determinations as follows:

> At the hearing on December 16, 2013, the Commonwealth called Cpl. Chad Thomas, the citing officer. Cpl. Thomas testified that, on September 23, 2013, he was dispatched to 1333 Bloom Road in Mahoning Township, Montour County, PA. There was a report of two (2) people arguing loudly outside in the driveway of the home. The argument was regarding a property dispute following the separation of [Appellant] and her estranged husband. It was [Appellant] who initiated the call to the Police Department. Cpl. Thomas testified that, when he arrived on scene, he advised the parties that he would not intervene in a civil domestic dispute over property, but that, if there was a confrontation that escalated, then both parties would probably be arrested. That conversation occurred prior to 8:00 a.m.
>
> After the first dispatch, Cpl. Thomas was dispatched again regarding a "loud argument." When he arrived, both parties were located in the driveway outside the residence and he was able to see that they were "still verbally battling back and forth . . . ." When Cpl. Thomas arrived after the second dispatch, he could hear the parties arguing and the volume was loud enough to wake the neighbors and for them to call 911. The neighbors were the parties who called the second time. Cpl. Thomas testified that he "heard them yelling back and forth at each other . . . .", but could not tell verbatim what was being said.

- 2 -

> After the Commonwealth rested, [Appellant] was called to testify. She contradicted Cpl. Thomas and testified that, when Cpl. Thomas arrived after his second dispatch, she was not located in the driveway as Cpl. Thomas had recollected. Rather, [Appellant] testified that she was in her kitchen.
>
> The testimony of Cpl. Thomas is hereby accepted as credible, including his testimony that there was a very loud volume in the driveway, and that both [Appellant] and her estranged husband were engaging in the loud argument, which was loud enough to disturb the neighbors at an early morning hour.

Trial Court Opinion ("T.C.O."), 5/13/14, at 1-2 (references to Notes of Testimony omitted).

Appellant filed a timely notice of appeal and presents one issue for this Court's consideration:

> The trial court erred as a matter of law and/or abused its discretion in finding [Appellant] guilty of disorderly conduct, 18 Pa.C.S.A. § 5503(a)(4), as the facts of the case, even interpreted in the best light to the Commonwealth, do not amount to a physically offensive or hazardous condition nor did this amount to a public inconvenience.

Appellant's Brief at 4.[2]

This Court has explained the applicable standard of review as follows:

---

[2] "In order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient." **Commonwealth v. Garland**, 63 A.3d 339, 344 (Pa. Super. 2013). Appellant complied with that directive, stating in her 1925(b) statement that the Commonwealth failed to "produce[] sufficient evidence that [Appellant] created [a] hazardous or physically offensive condition" and "never provided evidence that the alleged crime occurred with intent to cause public inconvenience." Appellant's 1925(b) Statement of Matters Complained of on Appeal, 1/29/14, at ¶¶ 2, 3. Appellant presents those same two claims of insufficiency in the brief filed with this Court.

> "The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." **Commonwealth v. O'Brien**, 939 A.2d 912, 913 (Pa. Super. 2007). "Any doubts concerning an appellant's guilt are to be resolved by the trier of fact unless the evidence was so weak and inconclusive that no probability of fact could be drawn therefrom." **Commonwealth v. West,** 937 A.2d 516, 523 (Pa. Super. 2007). "The trier of fact while passing upon credibility of witnesses . . . is free to believe all, part or none of the evidence." **Commonwealth v. DiStefano**, 782 A.2d 574, 582 (Pa. Super. 2001) (internal citations omitted).

**Commonwealth v. Garland**, 63 A.3d 339, 344-45 (Pa. Super. 2013).

"[W]e may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." **Commonwealth v. O'Brien**, 939 A.2d 912, 913-14 (Pa. Super. 2007) (quoting **Commonwealth v. DiStefano**, 782 A.2d 574, 582 (Pa. Super. 2001) (additional citations omitted)).

Appellant contends the evidence does not support a finding that her actions created a physically offensive or hazardous condition, citing **Commonwealth v. Williams**, 574 A.2d 1161 (Pa. Super. 1990). Appellant's Brief at 9. In **Williams**, this Court first considered whether Williams' conduct created a hazardous condition and explained that a "hazardous condition" is "a condition that involves danger or risk." **Id.** at 1164. The Court determined that Williams' action, walking in an apartment

building parking lot in his underwear and entering a car belonging to a tenant, did not create a hazardous condition.

This Court then considered whether Williams' conduct created a physically offensive condition, explaining that a "physically offensive condition . . . encompasses direct assaults on the physical senses of the members of the public." *Id.* The Court determined Williams did not directly assault the public's physical senses by entering another person's car while wearing only underwear. *Id.* at 1165. The Court offered examples of conduct sufficient to assault physical senses, including setting off a stink bomb, strewing rotting garbage in public places or shining blinding lights in the eyes of others. *Id.* at 1164. The senses offended in those examples are smell and sight. Offending the sense of hearing by subjecting others in the neighborhood to acrimonious verbal battling that prompted a neighbor to call 911 is no less offensive to the senses. Such conduct is readily distinguished from entering another person's car wearing only underwear and is comparable to subjecting others to the smell of a stink bomb or rotting garbage or shining a bright light in someone's eyes. We conclude that the evidence is sufficient to find that Appellant's actions created a "physically offensive condition."

Corporal Thomas explained that Appellant and her estranged husband were in the driveway, "still verbally battling back and forth," when he arrived at the scene the second time, arguing in a volume "loud enough to wake the

neighbors for them to call 911." N.T., 12/16/13, at 4-5. As the trial court noted, "[W]hen a police officer is called for a second (first time by [Appellant]; the second time by neighbors) at or around 8:00 a.m. during a highly charged altercation between participants in a domestic dispute and divorce, the same can (and did) pose a risk of being hazardous." T.C.O., 5/13/14, at 3. "The fact was that this was the second dispatch to which the police had to respond within an approximate 20 minute period, and that the dispute was acrimonious enough to warrant the neighbors to call police the second time." *Id.* Although the trial court refers to the conduct as posing a risk of being hazardous, we do not find it necessary to consider the risk of *becoming* hazardous when we have already concluded Appellant's actions were physically offensive, satisfying that element of the crime of disorderly conduct.

Appellant also asserts that her actions did not amount to a public inconvenience and suggests this Court's decision in ***Commonwealth v. Beattie***, 601 A.2d 297 (Pa. Super. 1991), is instructive. Appellant's Brief at 14. Appellant's reliance on ***Beattie*** is misplaced. Beattie was arrested and charged with disorderly conduct for his conduct with officers who arrived at his home in response to a "vague radio dispatch apparently occasioned by a telephone complaint about some men and an unlicensed car at Beattie's address." *Id.* at 299. Beattie refused to answer questions or provide identification and told the officers to get off his property, all in response to

- 6 -

questions posed by the officers in relation to what was later determined to be an investigative stop. *Id.* at 300. This Court concluded that "the police lacked the reasonable suspicion required to continue up the private driveway and conduct an investigative stop of Beattie." *Id.* at 301 (citation omitted). "Inasmuch as the officers had no authority to compel Beattie to answer their inquiries, Beattie's conviction for disorderly conduct, which was the result of his refusal to answer, must be reversed." *Id.* (citation omitted).[3]

Appellant argues that no members of the public were affected by her actions, contending "[t]he only members who were affected were [Appellant] and her husband who had a private disagreement on her private driveway." Appellant's Brief at 11. The 911 call from a neighbor belies that assertion. Appellant may have intended to engage in a private argument with just one person, *i.e.*, her estranged husband, but by exposing her neighborhood to the argument, as evidenced by the neighbor's 911 call, her actions can properly be classified as causing or risking public annoyance or alarm. *See*

_____

[3] In *dicta*, this Court commented that Beattie's disorderly conduct conviction warranted reversal, even if his investigative stop had been valid, because the events took place on his private property such that there was no risk of public inconvenience or alarm, based on the definition of "public" in the statute. *Beattie*, 601 A.2d at 301. The episode between Beattie and the police occurred in his driveway, away from the street, on Beattie's two-acre property that abutted the South Pittsburgh Water Company and an unoccupied two-acre lot. *Id.* As noted above, the definition of "public" includes "neighborhood," and unlike the facts in *Beattie*, Appellant's arrest stemmed from a disturbance that presented a risk of public inconvenience, annoyance or alarm to a neighborhood.

*Commonwealth v. Troy*, 832 A.2d 1089, 1094 (Pa. Super. 2003) ("The specific intent requirement of this statute 'may be met by a showing of a reckless disregard of the risk of public inconvenience,' annoyance, or alarm, even if the appellant's intent was to send a message to a certain individual, rather than to cause public inconvenience, annoyance, or alarm.") (citing *Commonwealth v. Kidd*, 442 A.2d 826, 827 (Pa. Super. 1982)).  The fact the dispute was taking place in the driveway on Appellant's property does not change the fact her actions affected the "public" in Appellant's neighborhood.  *See, e.g., Commonwealth v. Alpha Epsilon Pi*, 540 A.2d 580 (Pa. Super. 1988), where this Court, in evaluating a sufficiency challenge under § 5503(a)(2) (relating to unreasonable noise) stated: "We are satisfied that any residences near enough to receive the noise emanating from the fraternity house are within the 'neighborhood' for purposes of establishing disorderly conduct." *Id.* at 583.

Appellant also relies on *Commonwealth v. Smith*, 811 A.2d 578 (Pa. Super. 2002), in support of her assertion that her conduct did not result in public inconvenience.  Importantly, Smith was charged with a third degree misdemeanor under § 5503(b).  *Id.* at 579.[4]  By contrast, Appellant was

---

[4] Section 5503(b) provides: "(b) Grading.--An offense under this section is a misdemeanor of the third degree if the intent of the actor is to cause *substantial harm* or *serious inconvenience* . . . .  Otherwise disorderly conduct is a summary offense" (emphasis added).

*(Footnote Continued Next Page)*

charged with a summary offense. The Court explained that the *mens rea* for a summary charge can be simple recklessness. *Id.* The Court then suggested that the misdemeanor version of the offense "requires a showing of specific intent 'to cause substantial harm to the *public* or serious *public* inconvenience.' [**Commonwealth v. Coon**, 695 A.2d 794, 798 (Pa. Super. 1997) (emphasis in original)]." *Id.* Our Supreme Court has since announced that the grading of disorderly conduct as a misdemeanor does not require substantial harm to the public or serious public inconvenience, but rather only the intent to create substantial harm or serious inconvenience. **Commonwealth v. Fedorek**, 946 A.2d 93, 100-01 (Pa. 2008).[5]

> As our Supreme Court explained in **Fedorek**:
>
> Although Section 5503 as a whole is aimed at preventing public disturbance, it accomplishes this aim by focusing upon certain *individual* acts, which, if pursued with the intent to cause public inconvenience, annoyance, or alarm, or recklessly creating a risk thereof, constitute the offense of disorderly conduct. These individual acts focus upon the offender's *behavior*. . . . Significant is the fact that the General Assembly did not require

*(Footnote Continued)* ———————————

[5] The Supreme Court's decision in **Fedorek** reversed this Court's decision reported at 913 A.2d 893 (Pa. Super. 2006), and abrogated not only **Smith**, 811 A.2d 578 (Pa. Super. 2002), but also **Commonwealth v. Coon**, 695 A.2d 794 (Pa. Super. 1997). Despite that fact, Appellant quotes this Court's opinion in **Fedorek** on page 13 of her brief and cites both **Smith** and **Coon** in her brief on pages 15 and 14, respectively, without mentioning our Supreme Court's decision and the impact on the cited cases.

that [a] prohibited[] act be directed at a certain number of persons that could qualify as "the public." Therefore, when an offender engages in fighting or threatening, or in violent or tumultuous behavior in a public arena, even when that conduct is directed at only *one other person,* the offender may be subject to conviction for disorderly conduct. . . . Indeed, there are numerous appellate decisions of this Commonwealth determining evidence to be sufficient to sustain convictions for disorderly conduct where the underlying public acts involve, as in the instant case, the private melodramas of two or three people that also cause or create the risk of public disturbance.

*Id.* at 100 (emphasis in original) (citations omitted).

Despite Appellant's contention that her "private argument" with her estranged husband did not constitute a "public inconvenience," it is clear that the argument created enough of a public inconvenience to prompt a 911 call from a resident of Appellant's neighborhood. We agree with the trial court that the evidence was sufficient to find that Appellant intended to cause or created the risk of causing "public inconvenience, annoyance or alarm." 18 Pa.C.S.A. § 5503.

Viewing all the evidence admitted at trial in the light most favorable to the verdict winner, we conclude there was sufficient evidence for the trial court, as fact-finder, to find every element of disorderly conduct under 18 Pa.C.S.A. § 5503(a)(4) beyond a reasonable doubt. Therefore, we affirm the December 16, 2013 order.

Order affirmed.

- 10 -

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/4/2014