J-S25018-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TERRY EUGENE SHIELDS | |
| Appellant | No. 1356 WDA 2014 |

Appeal from the PCRA Order Entered July 16, 2014
In the Court of Common Pleas of Allegheny  County
Criminal Division at No: CP-02-CR-0003007-2009

BEFORE:  BENDER, P.J.E., STABILE, and PLATT,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED JULY 30, 2015**

Appellant, Terry Eugene Shields, appeals from the July 16, 2014 order

dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"),

42 Pa.C.S.A. §§ 9541-46.  We reverse and remand.

A prior panel of this Court summarized the underlying facts:

> On November 11, 2008, at approximately 12:30 p.m., June Bartosh and her fiancé Phillip Dillard were at home, in their living room, with their two-year-old son.  Bartosh, wearing only a tank top and wrapped in a blanket, was sitting on the couch. Three men broke down the locked front door and entered the house.  According to Dillard, the first man was approximately 6'1", the second was 5'9" to 5'10", and the third, around 5'6". […]

---

[*] Retired Senior Judge assigned to the Superior Court.

Dillard attempted to stop the three men, who repeatedly struck him in the face with a gun. The men demanded to know where they could find money and guns in the house, but both Dillard and Bartosh denied having either. One of the three men then informed Bartosh and Dillard that "Coke told [them] everything," so they knew there was money in the house. Dillard testified that "Coke" was the name of a childhood friend. Eventually, Dillard told the three men where they could find money and a gun.

Meanwhile, [Appellant], who was not wearing a mask, picked Bartosh up and threw her to the ground, bound her hands and feet with duct tape, and taped her mouth. Bartosh further testified that [Appellant] slapped her across the face numerous times as she pleaded with him not to do this in front of her young son. He then smacked her across the buttocks and said she had a "fat ass." The other two men dragged Dillard upstairs to get the money and gun, while [Appellant] remained downstairs with Bartosh, who testified that [Appellant] continued to hit her repeatedly, and then inserted his fingers into her vagina and rectum. He then said he was going to force her to perform oral sex on him. Bartosh continued to plead with [Appellant] not to do so in front of her son.

Dillard came back downstairs with the two men, who attempted to flee but could not open the door because they had broken it coming in. They screamed at Bartosh, asking her how to get out, and she directed them to use the back door downstairs. The other two men left while [Appellant] waited with Bartosh to make sure they got out. He then grabbed the necklace and earrings Bartosh was wearing, and followed the other men. Throughout the ten-minute attack, the intruders broke numerous pieces of furniture including a television and a table that [Appellant] broke over Bartosh's arms.

*Commonwealth v. Shields*, 1280 WDA 2012 (Pa. Super. 2013), unpublished memorandum at 1-3 (record citations omitted).

On April 16, 2012, a jury found Appellant guilty of two counts of robbery and one count each of burglary, aggravated indecent assault, unlawful restraint and conspiracy.[1]  On June 29, 2012, the trial court imposed an aggregate fifteen to forty-five years of incarceration followed by three years of probation.  On July 9, 2012, Appellant filed a post-sentence motion challenging only the weight of the evidence.  After the trial court denied that motion Appellant filed a direct appeal.  This Court affirmed the judgment of sentence on August 6, 2013.  Our Supreme Court denied allowance of appeal on December 13, 2013.

Appellant filed a timely first PCRA petition on January 21, 2014. Appointed counsel filed an amended petition on May 27, 2014.  On June 6, 2014, the PCRA court filed its notice of intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907.  Appellant filed an untimely response[2] on July 14, 2014 and the PCRA court dismissed the petition two days later.  This timely appeal followed.

In his untimely response to the PCRA court's Rule 907 notice, Appellant asserted for the first time that his sentence is illegal under *Alleyne v. United States*, 133 S. Ct. 2151 (2013).  *Alleyne* held mandatory minimum sentences violate the Sixth Amendment right to a jury

_____

[1]  18 Pa.C.S.A. §§ 3701, 3502, 3125, 2902 and 903, respectively.

[2]  A petitioner has 20 days to respond to the PCRA court's Rule 907 notice. Pa.R.Crim.P. 907(1).

trial unless the fact that triggers the mandatory minimum is found by a jury beyond a reasonable doubt. *Id.* at 2155, 2162-63. Instantly, Appellant is serving three consecutive five to fifteen year sentences for two counts of robbery and one count of burglary. In each of those sentences, the trial court imposed a five-year mandatory minimum, pursuant to 42 Pa.C.S.A. § 9712, because Appellant brandished a firearm during the offenses. This Court has held § 9712 to be unconstitutional in light of *Alleyne*. *Commonwealth v. Valentine*, 101 A.3d 801, 812 (Pa. Super. 2014).

In *Commonwealth v. Newman*, 99 A.3d 86, 90 (Pa. Super. 2014), we held that *Alleyne* does not apply retroactively to all cases. *Alleyne* applies only to cases that were pending on direct appeal when the United States Supreme Court announced the decision on June 27, 2013. Instantly, the PCRA court declined to address Appellant's *Alleyne* argument, noting that Appellant's direct appeal was complete at the time of *Alleyne*. PCRA Court Opinion, 1/9/15, at 5. In this, the PCRA Court was in error. As noted above, this Court affirmed Appellant's judgment of sentence on August 6, 2013, roughly six weeks **after** the United States Supreme Court decided *Alleyne*. Despite this, Appellant did not notify the direct appeal panel of the *Alleyne* decision pursuant to Pa.R.A.P. 2501(b), nor did Appellant file a timely application for reargument. Appellant neglected the issue entirely until his untimely response to the Rule 907 notice.

Appellant's delay is of no moment, as a sentence imposed in violation of **Alleyne** is illegal and therefore the issue cannot be waived. **Commonwealth v. Wolfe**, 106 A.3d 800, 801 (Pa. Super. 2014). A challenge to the legality of a sentence is cognizable under the PCRA. **Commonwealth v. Jackson**, 30 A.3d 516, 521 (Pa. Super. 2011), *appeal denied*, 47 A.3d 845 (Pa. 2012). Section 9542 of the PCRA provides: "This subchapter provides for an action by which persons convicted of crimes they did not commit and **persons serving illegal sentences** may obtain collateral relief." 42 Pa.C.S.A. § 9542 (emphasis added). Section 9543 provides that a petitioner is eligible for relief if he or she is serving a sentence "greater than the lawful maximum." 42 Pa.C.S.A. § 9543(a)(2)(vii). Appellant's sentence is illegal, though not greater than the lawful maximum. In similar circumstances, this Court has deemed the issue cognizable under the PCRA. **Commonwealth v. Hockenberry**, 689 A.2d 283, 288 (Pa. Super. 1997), *appeal denied*, 695 A.2d 794 (Pa. 1997) (holding that the imposition of a mandatory minimum under 18 Pa.C.S.A. § 7502(a) implicates the legality of a sentence and is cognizable under the PCRA).

The PCRA court expressed concern that application of **Alleyne** to this case would invite a flood of PCRA petitions from persons sentenced to mandatory minimum sentences prior to **Alleyne**. PCRA Court Opinion, 1/9/15, at 6. We disagree. **Newman** makes clear that **Alleyne** applies

only to cases pending on direct appeal as of June 27, 2013. This is one such case. Our result does not expand the set of cases governed by **Alleyne**. Moreover, Appellant has complied with the jurisdictional time limits for filing a PCRA petition.

Based on the foregoing, we are constrained to reverse the PCRA court's order, vacate the judgment of sentence and remand for a new sentence in accordance with **Alleyne** and **Valentine**.

Order reversed. Judgment of sentence vacated. Case remanded for entry of a new sentence in accordance with this memorandum. Jurisdiction relinquished.

P.J.E. Bender joins the memorandum.

J. Platt files a dissenting memorandum.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/30/2015