535 A.2d 1141

**COMMONWEALTH of Pennsylvania**

v.

**Jeffrey YOUNG, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 10, 1987.

Filed Jan. 6, 1988.

Petition for Allowance of Appeal Denied June 1, 1988.

---

Carmela R. Presogna, Assistant Public Defender, Erie, for appellant.

Paul Susko, Assistant District Attorney, Erie, for Com., appellee.

Before BECK, JOHNSON and HESTER, JJ.

HESTER, Judge:

On September 24, 1986, appellant was found guilty of the summary offense of disorderly conduct by a district justice. On appeal to the Court of Common Pleas of Erie County, he was again found guilty of the same offense following a de novo hearing held on December 4, 1986. This appeal fol-

lowed the January 8, 1987 judgment of sentence of thirty days imprisonment, a fine, and costs. We affirm.

The evidence introduced at trial establishes the following. On August 28, 1986, at approximately 2:45 a.m., appellant and Quincy Barnes were on the campus at Behrend College. They went to Perry Hall, a co-ed dormitory. The women's section of the dormitory consists of two floors on the right side of the building. The two sides are separated by a lobby. To enter the right side, which is locked, a non-resident must be accompanied by a resident with a key. The first-floor women's restroom, located in the middle of the hall, serves approximately fifty dormitory residents and has six stalls containing toilets, six shower stalls, and sinks.

An unidentified resident admitted appellant and Barnes into the first floor women's section, and accompanied them to the room of a dormitory resident the two men knew. They visited briefly with that resident, and on their way out of the dormitory, the two men walked into the women's restroom. A woman student was sitting on the toilet in one of the stalls. Appellant walked over to the stall, which did not lock, opened the door and said: "Hey baby, what you doing." N.T., 12/4/86, at 6. The woman screamed, pulled up her pants and chased the men out of the dormitory. She testified that she was extremely frightened by the incident as she was not sure of the men's intentions when they opened the stall door.

In his defense, appellant testified that while he had gone to Perry Hall and visited with the resident he knew, he did not enter the restroom.

He argues that the evidence was insufficient to support his conviction for disorderly conduct. The test we apply in this situation is as follows:

> In testing the sufficiency of the evidence, we must view the evidence in a light most favorable to the Commonwealth as the verdict winner and draw all reasonable inferences upon which the fact finder could have properly based its verdict. *Commonwealth v. Easley,* 341 Pa.Super. 381, 491 A.2d 868, 869 (1985). A determination must

be made as to whether there exists sufficient evidence to enable the trier of fact to find, beyond a reasonable doubt, every element of the crime for which the appellant has been convicted. *Commonwealth v. Stehley*, 350 Pa. Super. 311, 504 A.2d 854 (1986). *Commonwealth v. Roth*, 366 Pa.Super. 575, 579, 531 A.2d 1133, 1135 (1987).

Disorderly conduct is defined in relevant part as follows:

§ 5503. **Disorderly conduct**

(a) **Offense defined.**—A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:

. . . .

(4) creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor.

. . . .

(c) **Definition.**—As used in this section the word "public" means affecting or likely to affect persons in a place to which the public or a substantial group has access; among the places included are highways, transport facilities, schools, prisons, apartment houses, places of business or amusement, any neighborhood, or any premises which are open to the public.

■ We reject appellant's argument that since his conduct affected only a single individual, he did not have the mens rea to cause "public" inconvenience, annoyance or alarm as defined by the statute. The statute specifically states that "recklessly creating a risk" of public annoyance or alarm is sufficient. The evidence viewed in the light most favorable to the Commonwealth establishes that appellant deliberately entered a women's public restroom without justification.

Under the statutory definition, the restroom was a public place. The term includes a place to which the public *or* a "substantial group" has access. 18 Pa.C.S. § 5503(c). The

restroom serves the fifty women who reside in the dormitory. Moreover, any female visitor can freely gain access to the area. Thus, the restroom is accessible to a substantial group. The size of the restroom supports this conclusion: it has six toilet stalls and six shower stalls, which is larger than public restrooms in most department stores and restaurants. There are some limitations on access in that a nonresident must be admitted to the general area by a resident. However, this does not alter the fact that a substantial group has access. Apartment houses, defined by the statute as public, are similarly restricted.

When appellant entered the public restroom, he recklessly created a *risk* of public annoyance or alarm. The fortuitous fact that only one individual was in the area does not vitiate the risk he created. Any number of women, in various states of undress, could have been using the showers, sinks and toilets in the area.

We have held that one who exhibits disorderly behavior in a public place is guilty of disorderly conduct even if that behavior is directed at a single individual. *Commonwealth v. Mastrangelo*, 489 Pa. 254, 414 A.2d 54 (1980) (profanities directed at one person on a public street; conviction upheld even though no one else testified that they heard the profanities); *accord Commonwealth v. Hughes*, 270 Pa.Super. 108, 111, 410 A.2d 1272, 1274 (1979) (emphasis added), where we stated:

> The intent requirement of the crime may be met by a showing of either intent to cause or reckless disregard of the *risk* of "public inconvenience, annoyance or alarm." *Id.* A person may be guilty of disorderly conduct within the definition of section 5503 if, in the presence of members of the general public he shouts obscenities "although the principal intent of the defendant may have been to insult the police rather than to cause public inconvenience, annoyance or alarm." *Commonwealth v. Hicks*, Pa., 3 D. & C.3d 441 (1975).

*Compare Commonwealth v. Weiss*, 340 Pa.Super. 427, 490 A.2d 853 (1985), where the defendant performed the conduct

in her own home, clearly not a public place, which is the reason her conviction was overturned.

Appellant did not know the victim and was not searching for her. In this context, she was a member of the general public, and appellant deliberately entered the women's restroom solely to find *anyone* in her position or in a similarly embarrassing situation.[1] He thereby created a risk of public annoyance or alarm, even if only one individual was alarmed and annoyed.

Further, the evidence establishes that appellant's conduct created a physically offensive condition to the victim. She was performing a private bodily function. She feared that appellant and his companion were going to assault her. Any reasonable woman in her situation would have been offended by appellant's actions. *Cf. Commonwealth v. Roth, supra.*

In *Commonwealth v. Greene,* 410 Pa. 111, 115–16, 189 A.2d 141, 144 (1963), which is still authoritative on this subject,[2] Justice Musmanno noted that: "In Pennsylvania the crime of disorderly conduct embraces activity which disturbs the peace and dignity of a community." Justice Musmanno emphasized that the touchstone of disorderly conduct is an activity that does not form "an integral part of the movement of a civilized community." *Id.,* 410 Pa. at 118, 189 A.2d at 145. Appellant's behavior fits those descriptions.

Viewing the evidence in the light most favorable to the Commonwealth and drawing all reasonable inferences therefrom, we believe that District Justice Peter Nakoski and Judge Shad Connelly of the Court of Common Pleas of

1. This is a fair inference from the evidence, considering that appellant did not testify that he went into the restroom mistakenly or due to his own, uncontrollable physical needs and also considering that he deliberately went to the only occupied stall in the restroom and opened it.

2. *See Commonwealth v. Koch,* 288 Pa.Super. 290, 299–300 n. 9, 431 A.2d 1052, 1057 n. 9 (1981).

Erie County correctly found appellant guilty of disorderly conduct. We therefore affirm the judgment of sentence.

BECK, J., files a dissenting opinion.

BECK, Judge, dissenting:

I do not agree with the majority that the evidence adduced below was sufficient to convict the appellant of disorderly conduct. Even when viewed in the light most favorable to the Commonwealth, the evidence introduced by the Commonwealth fails to establish two of the requisite elements of the crime of disorderly conduct: 1) that appellant intentionally or recklessly caused or created a risk of *public* inconvenience, annoyance or alarm by his actions; and, 2) that the appellant's actions created a hazardous or physically offensive condition.

The evidence adduced below establishes that the complainant, a female student, was sitting in a stall in the women's bathroom on the first floor of a college dormitory. The bathroom was located in the women's side of the dormitory building and was within the residential portion of the dormitory. A visitor could enter the residential area with a key or be escorted by a female resident of the dormitory. Neither the bathroom door nor the stall door was locked. As the complainant was sitting within the stall, appellant and his companion pushed open the stall door and asked the complainant what she was doing. When the complainant jumped up and yelled, appellant and his companion ran out of the building. The evidence further established that the appellant and his co-defendant were admitted by a female resident into the restricted area of the dormitory and had visited another resident right before this incident.

The Disorderly Conduct statute under which appellant was convicted provides as follows:

A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:

(4) creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor.

18 Pa.Cons.Stat.Ann. § 5503 (Purdon 1981). Thus, the statute by its terms imposes a *mens rea* requirement: the Commonwealth must prove that a defendant *intentionally* or *recklessly* caused or created a risk of *public* inconvenience, annoyance or alarm by his actions. *Commonwealth v. Mastrangelo*, 489 Pa. 254, 414 A.2d 54 (1980), appeal dismissed 449 U.S. 894, 101 S.Ct. 259, 66 L.Ed.2d 124 (1980); *Commonwealth v. Weiss*, 340 Pa.Super. 427, 490 A.2d 853 (1985); *Commonwealth v. Navarro*, 251 Pa.Super. 125, 130, 380 A.2d 409, 412 (1977).[1] The Commonwealth here has altogether failed to prove that appellant had the requisite intent to cause *public* harm.[2] The evidence shows only that appellant's actions and words were directed at a lone individual sitting in a private stall in an otherwise empty

1. In so requiring *mens rea,* the statute supplanted earlier law which focused not on the defendant's intent, but on the effects of the defendant's conduct on others. Under the old law, a speaker who had no intent to disrupt the public could have been held criminally liable for the provocation of unruly behavior on the part of his listeners. *Commonwealth v. Mastrangelo*, 489 Pa. at 263, 414 A.2d at 59, *quoting* Comment, Public Disorder Offenses Under Pennsylvania's New Crimes Code, 78 Dick.L.R. 15, 30 (1973). Thus, the actions of the victim in yelling at the appellant cannot convert this private offense into a public one since our focus is now on the appellant's intent. Moreover, the fact that others could hear the disturbance is not dispositive under the present statute. *See Commonwealth v. Weiss,* (loud, vulgar language not disorderly conduct simply because others stop and listen).

2. The word "public" is defined by the statute as "affecting or likely to affect persons in a place to which the public or a substantial group has access; among the places included are highways, transport facilities, schools, prisons, apartment houses ... or any premises which are open to the public." 18 Pa.Cons.Stat.Ann. § 5503(c) (Purdon 1981). The fact that the dormitory and bathroom were on a school campus does not make those areas "public" under the statute, as access to the areas in question was restricted. Further, even public premises can contain areas which are private in character. *See e.g., City of St. Joseph v. Christgen,* 513 S.W.2d 458 (Mo.1974) (restroom in a hotel not a public place where hotel reserved for a party). Even if the dormitory bathroom were to be regarded as a public place, appellant's intent must still be proven. *Commonwealth v. Navarro.*

restroom located in a residential, restricted-access area of a dormitory. A reasonable man, looking at the restroom and adjoining areas, could not say that in such a situation appellant acted with a "conscious disregard of a substantial and unjustifiable risk that public annoyance or alarm would result from [his] conduct." *Commonwealth v. Weiss*, 340 Pa.Super. at 434–35, 490 A.2d at 857. Nothing more than an intent to cause private discomfort or embarrassment was shown.

The evidence presented by the Commonwealth is deficient in another respect: it fails to show that the appellant's actions created a hazardous or physically offensive condition. I do not agree with the majority that the complainant's embarrassment while performing a private bodily function and her fear of further assault amounted to a physically offensive condition. The statute specifically provides an *objective* standard requiring the creation of a *hazardous* or *physically* offensive condition. The majority's focus on the subjective feelings of one individual is misplaced. Appellant's conduct was morally offensive and embarrassing to the victim, but that conduct was in no way hazardous or physically offensive. The actions did not affect the women's physical being, but rather her sense of decency. I do not here make light of the woman's fright and distress nor condone appellant's reprehensible behavior. However, although appellant committed a wrongdoing, he did not commit the crime of disorderly conduct. "The crime of disorderly conduct is not intended as a catchall for every act which annoys or disturbs people ... it is intended to preserve the public peace; it thus has a limited periphery beyond which the prosecuting authorities have no right to transgress...." *Commonwealth v. Greene*, 410 Pa. 111, 189 A.2d 141 (1963). That periphery has been transgressed here.

I would therefore vacate appellant's judgement of sentence and discharge the appellant.