**In re T.H.**

*James M. Jacobs Jr., assistant district attorney,* for the Commonwealth.

*Patrick P. Svonavec,* for juvenile.

CASCIO, *J.,* May 5, 1993—This case is before us on the juvenile's motion to suppress. On June 9, 1992, the juvenile was charged with the summary offenses of criminal mischief,[1] disorderly conduct[2] and harassment.[3] On September 22, 1992, the juvenile was found guilty of criminal mischief and harassment, and not guilty of disorderly conduct at a hearing before a district justice.

On October 2, 1992, a juvenile petition was filed charging the juvenile with terroristic threats,[4] aggravated assault,[5] simple assault,[6] and intimidation of witnesses or victims.[7] The parties have stipulated that all charges arise from a single event on May 24, 1992, in which the juvenile allegedly assaulted and threatened another person.

The juvenile challenges the charges in the juvenile petition on two grounds. The first is that the subsequent

1. 18 Pa.C.S. §3304.
2. 18 Pa.C.S. §5503(a)(1).
3. 18 Pa.C.S. §2709(a)(1).
4. 18 Pa.C.S. §2706.
5. 18 Pa.C.S. §2702(a)(1).
6. 18 Pa.C.S. §2701(a)(1).
7. 18 Pa.C.S. §4952.

prosecution would violate the protection against double jeopardy. The second is that evidence of these charges is barred by the provisions of 18 Pa.C.S. §§109 and 110.

## I. DOUBLE JEOPARDY

The juvenile first challenges the prosecution on constitutional double jeopardy grounds. "It is well settled that the constitutional prohibition against double jeopardy is applicable to juvenile proceedings." *Matter of Huff,* 399 Pa. Super. 574, 579, 582 A.2d 1093, 1095 (1990), *affirmed,* 529 Pa. 442, 604 A.2d 1026; citing *Breed v. Jones,* 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975). (remaining citations omitted)

The appropriate inquiry under the *Grady v. Corbin, infra,* double jeopardy test was recently succinctly stated by Judge Beck writing for a panel of the Superior Court:

"To determine whether a prosecution is barred by double jeopardy, the first prong of the inquiry requires the application of the *Blockburger [v. U.S.,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932)] test. *Blockburger* compares the statutory elements of the charged offenses to determine whether they are either identical or one is a lesser included offense of the other. If each statutory provision requires proof of an additional fact which the other does not, they are not the "same offense" under *Blockburger* and as such the prosecution survives the initial prong of the inquiry.

"The second prong of the inquiry was established in *Grady.* Even if the offenses would pass muster under the *Blockburger* test, the *Grady* court held that an additional requirement must be met to overcome a double jeopardy challenge. We must determine '[whether] the government, to establish an essential element of an offense charged in [a subsequent] prosecution, will *prove*

*conduct that constitutes an offense for which the defendant has already been prosecuted.' Grady v. Corbin,* [495] U.S. [508] at [520], 110 S.Ct. [2084] at 2093, 109 L.Ed.2d [548] at 564 [1990] (emphasis added) [in *Yingling*]." *Commonwealth v. Yingling,* 407 Pa. Super. 151, 154, 595 A.2d 169, 171 (1991). (footnote omitted)

However, in *Huff,* our Superior Court recognized the jurisdictional exception to the double jeopardy clause where no single court has jurisdiction over all the alleged crimes. *Id.* at 584, 582 A.2d at 1098. This exception is particularly applicable in juvenile cases. Applied specifically to the facts in *Huff,* our Superior Court held that "the Double Jeopardy Clause does not bar the Commonwealth from proceeding with the delinquency petition, despite the fact that the appellant was found guilty of vehicle code offenses in a prior proceeding held before a district justice." *Id.* at 587, 582 A.2d at 1099-1100. In so holding, the Superior Court stated:

"Our legislature has created a separate legal system for the adjudication of juvenile offenders. The Juvenile Act, 42 Pa.C.S. §6301, et seq. (the Act), grants jurisdiction to the juvenile court over proceedings in which a child is alleged to be delinquent or dependent. *Id.* at section 6303. Under the Act, 'delinquent act' is defined as 'an act designated a crime under the law of this Commonwealth ... [but] ... shall not include: (ii) summary offenses...' 42 Pa.C.S. §6302. As for the district justices, 42 Pa.C.S. §1515 provides that '[e]xcept as otherwise prescribed by general rule adopted pursuant to section 503 (related to reassignment of matters), district justices shall, under procedure prescribed by general rule, have jurisdiction of all of the following matters: (i) Summary offenses...' Finally, the Motor Vehicle Code provides that '[a]ny person over the age of 16 years charged with the violation of any provisions of this

title constituting a summary offense shall have all the rights of an adult and may be prosecuted under the provisions of this title in the same manner as an adult.' 75 Pa.C.S. §6303.

"The juvenile court, then, is without jurisdiction to hear summary offenses.... (footnote omitted)

"Recognizing a jurisdictional exception to the double jeopardy clause will allow each system to operate without detriment to the functioning of the other. Under the present architecture of the judicial system, since the jurisdiction of the district justice is not co-extensive with that of the juvenile court, and neither the district justice nor juvenile court can adjudicate both summary and more serious offenses arising out of the same incident (footnote omitted), the Commonwealth would necessarily be forced to forego one of the prosecutions. Clearly, our legislature did not intend to place prosecutors in this type of dilemma when it sought to provide an alternative to the treatment of juvenile offenders as criminals." *Id.* at 584-86, 582 A.2d at 1098-1099.

The charges of which the juvenile was convicted or acquitted before the magistrate were summary offenses. The remaining charges stated in the juvenile petition are not. They are either misdemeanor or felony offenses. Therefore, this leads us to the obvious conclusion that the charges in the petition are not barred by the Double Jeopardy Clause because no one court has jurisdiction over all the charges.

## II. 18 Pa.C.S. §109

We next address the juvenile's statutory argument under section 109 of the Crimes Code, which provides in relevant part:

"When a prosecution is for a violation of the same provision of the statutes and is based upon the same facts as a former prosecution, it is barred by such former prosecution under the following circumstances:

"(1) The former prosecution resulted in an acquittal...."18 Pa.C.S. §109(1).[8]

The juvenile asserts that section 109 bars the prosecution for the subsequent charges because disorderly conduct, the charge of which he was found not guilty, is a lesser included offense of terroristic threats. We would first point out to counsel that section 109 bars prosecution for the *same* provision of the statutes. Therefore section 109 affords the same type of protection as the Double Jeopardy Clause. Disorderly conduct is neither the same offense nor a lesser included offense of terroristic threats. "A person is guilty of disorderly conduct if, with intent to cause public inconveniences, annoyance or alarm, or recklessly creating a risk thereof, he: (1) engages in fighting or threatening, or in violent or tumultuous behavior; ..." 18 Pa.C.S. §5503(a)(1). On the other hand, "[a] person is guilty of [terroristic threats] if he threatens to commit any crime of violence with intent to terrorize another ..., or otherwise to cause serious public inconvenience, or in reckless disregard of the risk of causing such terror or inconvenience." 18 Pa.C.S. §2706.

The elements of disorderly conduct include the exhibition of disorderly behavior in a public place. *Commonwealth v. Young,* 370 Pa. Super. 42, 535 A.2d 1141 (1988), *appeal denied,* 518 Pa. 649, 544 A.2d 961 (1988). Public annoyance is a necessary element. *Wilkes-Barre City v. Kocher,* 56 Luz. L. Reg. 99, 57 Mun. 332 (1966).

---

8. Act of December 6, 1972, P.L. 1482, no. 334, §1.

On the other hand, the elements of the offense of terroristic threats are a threat to commit a crime of violence, and the communication of such threat with the intent to terrorize or with reckless disregard of the risk of causing terror. *Commonwealth v. Lumpkins,* 324 Pa. Super. 8, 471 A.2d 96 (1984); *Commonwealth v. Ferrer,* 283 Pa. Super. 21, 423 A.2d 423 (1980).

Even if we could say that disorderly conduct was a lesser included offense of terroristic threats, we find that the same jurisdictional exception would apply to section 109 as did in double jeopardy. Therefore, we find no merit in the juvenile's argument that section 109 would bar the prosecution of the terroristic threat charge.

## III. 18 Pa.C.S. §110

The juvenile's argument is based on section 110(1) (ii), which provides in relevant part:

"Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

"(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:...

"(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a

separate trial of the charge of such offense; ..." 18 Pa.C.S. §110(1)(ii).[9]

The juvenile asserts that section 110(1)(ii) bars the prosecution for the subsequent charges because they are based on the same conduct or arising from the same criminal episode as the prior adjudication on the summary offenses.

Although the provisions of section 110 are similar to the Double Jeopardy Clause, they are not co-extensive, nor are they identical. In some ways section 110 offers broader protection against a successive prosecution than does double jeopardy because double jeopardy prevents successive prosecutions for the "same offense" while section 110 extends protection to the "same criminal episode."

Judge Brosky, in his dissent in the now overruled case of *Commonwealth v. Evers,* 381 Pa. Super. 568, 579, 554 A.2d 531, 536 (1989),[10] explained the interplay between section 110 and the double jeopardy protection:

"[W]here applicable, section 110 and the compulsory joinder rule ... offer greater protection to the accused than does the Double Jeopardy Clause. Thus, section 110 may require joinder in a single trial offenses which would not under the double jeopardy clause. The flip side of this is those rules, being a rule or statute of Pennsylvania authority, are subject to the creation of exceptions and limitations of either judicial or legislative design by Pennsylvania courts and legislature. The vitality of the double jeopardy clause, being one of the Bill of Rights of the federal constitution is not as fragile. Neither the Pennsylvania courts nor the Pennsylvania

---

9. Act of December 6, 1972, P.L. 1482, no. 334, §1.

10. *Commonwealth v. Evers* has been overruled by *Commonwealth v. Labelle,* 397 Pa. Super. 179, 579 A.2d 1315 (1990).

legislature is empowered to restrict the scope of this constitutional protection and a decision construing or holding that the Pennsylvania originated protections of section 110 and the compulsory joinder rule, do not apply to a certain set of circumstances, by itself, in no way affects the applicability of constitutional protections to the same set of circumstances."

Section 110 of the Crimes Code requires the Commonwealth to consolidate in a single proceeding all known charges based on the same conduct or arising from the same criminal episode unless the court orders separate trials. *Commonwealth v. Webster,* 323 Pa. Super. 164, 175, 470 A.2d 532, 537 (1983). This rule is intended "both to protect a person accused of crimes from governmental harassment by forcing him to undergo successive trials for offenses stemming from the same event, and also, as a matter of judicial administration and economy, to assure finality without unduly burdening the judicial process by repetitious litigation." *Commonwealth v. Holmes,* 480 Pa. 536, 541, 391 A.2d 1015, 1017 (1978) (quoting *Commonwealth v. Tarver,* 467 Pa. 401, 408, 357 A.2d 539, 542 (1976)).

We find that the phrase "within the jurisdiction of a single court" is consistent with the jurisdictional exception of double jeopardy. In interpreting that phrase, our courts have held that section 110 is inapplicable where "the former prosecution was within the original jurisdiction of the district justice and the subsequent prosecution was within the jurisdiction of the trial court." *Commonwealth v. Bellezza,* 412 Pa. Super. 469, 475, 603 A.2d 1031, 1034 (1992); *Commonwealth v. Taylor,* 513 Pa. 547, 522 A.2d 37 (1987); *Commonwealth v. Beatty,* 500 Pa. 284, 455 A.2d 1194 (1983). In the case at bar, the former prosecution was within the original jurisdiction of the district justice and the charges in

the juvenile petition are within the jurisdiction of the juvenile court. Therefore, we find that section 110 does not bar the second prosecution of the juvenile, and the juvenile's motion for suppression will be denied.

ORDER

And now, May 5, 1993, consistent with the foregoing memorandum, the juvenile's motion to suppress is denied.