J-S11035-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT LEE PEARSON, | : | |
| | : | |
| Appellant | : | No. 1146 MDA 2014 |

Appeal from the Judgment of Sentence entered on February 10, 2014
in the Court of Common Pleas of York County,
Criminal Division, No. CP-67-CR-0006768-2013

BEFORE:  PANELLA, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:              **FILED MARCH 16, 2015**

Robert Lee Pearson ("Pearson") appeals from the judgment of sentence imposed following his conviction for disorderly conduct.  ***See*** 18 Pa.C.S.A. § 5503.[1]  We affirm.

In July 2013, in response to a citizen's complaint, Officer Stephen Lebo ("Officer Lebo") was dispatched to check on a van parked in an alleyway[2] wherein a suspected homeless man was sleeping.  Upon approaching the van, Officer Lebo observed that the windows of the van were down and Pearson was lying across the front seats.  When Pearson sat up, Officer Lebo explained that he was there due to a citizen's complaint, and asked Pearson

---

[1] Pearson was also convicted for resisting arrest under 18 Pa.C.S.A. § 5104, but he does not challenge that conviction.

[2] The alleyway where the van was parked is a public street.  N.T., 2/10/14, at 53.

to move the van. Pearson ignored the request and began to lie back down. Officer Lebo asked Pearson a second time to move the van, and requested that he sit up and talk. Pearson became agitated, and began yelling profanities. As Pearson was yelling, Officer Lebo saw a woman come out of her house to observe the situation. Officer Lebo twice asked Pearson to lower his voice and stop swearing, but Pearson continued to yell. Officer Lebo then advised Pearson that he was under arrest for disorderly conduct. Pearson replied that he was not under arrest and refused to exit the van. Officer Lebo told Pearson that he was under arrest again, before he opened the driver's side door and attempted to remove Pearson from the van. Pearson reached across to the passenger's seat, ignoring Officer Lebo's order to keep his hands on the steering wheel, and poured a bottle of prescription pills down his throat. Pearson then drank a bottle of soda. Pearson started the van, jerked the wheel to the left, and veered the van toward Officer Lebo. As a result, Officer Lebo let go of Pearson and Pearson drove his van from the alleyway. The police subsequently found the van abandoned in a parking lot.

Pearson was arrested and charged with resisting arrest and disorderly conduct. Following a jury trial, Pearson was convicted of both crimes. The trial court sentenced Pearson to 12 months of probation on each count, to run concurrently. The trial court also directed Pearson to pay court costs, and to submit to a mental health evaluation, after which he would undergo

any recommended treatment or counseling. Pearson filed a Post-Sentence Motion, which the trial court denied. Pearson filed a timely Notice of Appeal and a court-ordered Pennsylvania Rule of Appellate Procedure 1925(b) Concise Statement of Errors Complained of on Appeal.

On appeal, Pearson raises the following question for our review: "Whether the Commonwealth failed to present sufficient evidence in order to convict [Pearson] beyond a reasonable doubt of disorderly conduct, because the Commonwealth failed to prove [that Pearson] intended to cause substantial public harm or serious public inconvenience through his conduct?" Brief for Appellant at 4.

In reviewing a challenge to the sufficiency of the evidence,

> [w]e must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth as the verdict winner is sufficient to support all elements of the [offense]. A reviewing court may not weigh the evidence or substitute its judgment for that of the trial court.

*Commonwealth v. Snyder*, 870 A.2d 336, 346 (Pa. Super. 2005) (quotation marks and citations omitted).

The Crimes Code defines disorderly conduct as follows, in relevant part:

> **(a) Offense defined.**—A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:
>
> * * *
>
> (2) makes unreasonable noise

- 3 -

\* \* \*

     **(b) Grading.**—An offense under this section is a misdemeanor of the third degree if the intent of the actor is to cause substantial harm or serious inconvenience, *or if he persists in disorderly conduct after reasonable warning or request to desist.* Otherwise disorderly conduct is a summary offense.

     **(c) Definition.**--As used in this section the word "public" means affecting or likely to affect persons in a place to which the public or a substantial group has access; among the places included are highways, transport facilities, schools, prisons, apartment houses, places of business or amusement, any neighborhood, or any premises which are open to the public.

18 Pa.C.S.A. § 5503 (emphasis added).

     The *mens rea* requirement of Section 5503 demands proof that appellant by her actions intentionally or recklessly created a risk of causing or caused a public inconvenience, annoyance or alarm. The specific intent requirement of this statute may be met by a showing of a reckless disregard of the risk of public inconvenience, annoyance, or alarm, even if the appellant's intent was to send a message to a certain individual, rather than to cause public inconvenience, annoyance, or alarm.

     In disorderly cases based on one's making unreasonable noise, this Court has looked to language content only to infer whether the speaker intended to cause public annoyance, alarm, etc. Ultimately, however, what constitutes the *actus reus* of "unreasonable noise" under the disorderly conduct statute is determined solely by the volume of the speech, not by its content.

***Commonwealth v. Maerz***, 879 A.2d 1267, 1269 (Pa. Super. 2005)

(citations, brackets, emphasis, and some quotation marks omitted); ***see***

***also Commonwealth v. Young***, 535 A.2d 1141, 1143 (Pa. Super. 1988)

(stating that "[a] person may be guilty of disorderly conduct within the

definition of section 5503 if, in the presence of members of the general

public[,] he shouts obscenities 'although the principal intent of the defendant may have been to insult the police rather than to cause public inconvenience, annoyance or alarm.'") (citation omitted).

Pearson argues that he did not satisfy the intent requirement of section 5503(b) because his intent was to voice his displeasure with Officer Lebo, rather than to cause a substantial public inconvenience. Brief for Appellant at 11. Pearson also claims that the Commonwealth could not prove that he persisted after reasonable warning because there was no evidence that he heard Officer Lebo's warnings. *Id.* at 11-12. Further, Pearson argues that his yelling was not an unreasonable noise because the alley was empty, except for one woman who had come to her porch. *Id.* at 12.

The record establishes that after being informed by Officer Lebo about a citizen's complaint, Pearson became agitated and started yelling profanities "like he was addressing the public." N.T., 2/10/14, at 53-54. When Pearson started to yell, a woman came out of her home and stood on her porch to see what was happening. *See id.* at 55-56. Officer Lebo testified that he had twice asked Pearson to lower his voice, but Pearson continued to yell. *See* N.T., 2/10/14, at 55. Thus, viewing the evidence in a light most favorable to the Commonwealth as verdict winner, we conclude that it was reasonable for the jury to find that Pearson intended to cause a public inconvenience by yelling in an unreasonable manner, and continuing

to do so after being told to cease the yelling. **See Commonwealth v. Thompson**, 922 A.2d 926, 929 (Pa. Super. 2007) (concluding that the Commonwealth established the elements of disorderly conduct where appellant "willfully created a serious inconvenience at the parking garage and made unreasonable noise after the officers attempted to diffuse the situation."); **see also Commonwealth v. Mastrangelo**, 414 A.2d 54, 59 (Pa. 1980) (concluding that evidence was sufficient to support disorderly conduct conviction where appellant directed profanities at one person on a public street).[3]

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/16/2015

---

[3] We note that Pearson also argues that he did not cause or intend to cause substantial harm or serious inconvenience. Brief for Appellant at 11. However, "the Commonwealth did not proceed under that portion of the statute[, which] pertains to grading." Trial Court Opinion, 9/8/14, at 1.