J-A28035-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JUDY MCGRATH A/K/A JO ANN FONZONE, | |
| Appellant | No. 1716 EDA 2014 |

Appeal from the Judgment of Sentence March 19, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-MD-00000061-2013, MC-51-CR-00043169-2010, Nos. CP-51-CR-0008156-2013

BEFORE:  GANTMAN, P.J., PANELLA, and SHOGAN, JJ.

MEMORANDUM BY SHOGAN, J.:              **FILED DECEMBER 01, 2015**

Appellant, Judy McGrath a/k/a Jo Ann Fonzone, appeals *pro se* from the judgment of sentence entered following her conviction of disorderly conduct.  We affirm.

We summarize the history of this case as follows.  On October 6, 2010, Appellant attended a Philadelphia Phillies playoff game at Citizens Bank Park in Philadelphia.  During the game, Appellant's behavior caused a disturbance in her seating section.  Eventually, a security guard, a supervisor, and uniformed police were summoned to deal with Appellant.  Appellant was subsequently removed from her row, taken to the top of the seating section, and told she could remain at the top of the seating section in the handicap area if she wanted to remain standing, but that she could not go back to her

seat. When Appellant walked away towards her seat, an officer touched Appellant's shoulder, and Appellant made a swinging motion at the officer. Appellant was handcuffed, taken to the police room and then to a holding cell. While she was in the holding cell, Appellant telephoned 911. Appellant contended that she suffered injuries from the incident at the hands of the police. Appellant has characterized herself as the victim in the incident.

Appellant was charged with the summary offense of disorderly conduct. In spite of the fact that she had court-appointed counsel, Appellant filed numerous *pro se* documents with the trial court. Ultimately, on October 2, 2013, Appellant appeared before the court of common pleas for a *de novo* trial. Due to various delays, the trial was completed on March 19, 2014,[1] and Appellant was convicted of one count of disorderly conduct. The trial court imposed a sentence of credit for time served and a $300.00 suspended fine. Appellant then filed this *pro se* appeal. Appellant filed a ten-page

---

[1] As the trial court explained:

> Trial was held before this Court on two (2) dates, October 2, 2013 and March 19, 2014. In the interim, there were numerous listings of this matter which addressed issues and motions raised by [Appellant] herself. Due to procedural deficiencies, such as the filing of various motions despite having counsel of record or delays due to [Appellant's] request for discovery not relevant to the defense of this case, this matter languished through the Court system.

Trial Court Opinion, 1/29/15, at 2-3.

Pa.R.A.P. 1925(b) statement. The trial court has filed a twenty-seven-page 1925(a) opinion.

Appellant presents the following issues for our review:

1. WHETHER THERE WAS INSUFFICIENT EVIDENCE FOR THE LOWER COURT'S DECISION AND [APPELLANT'S] CONSTITUTIONAL RIGHTS WERE VIOLATED THROUGHOUT PROSECUTION SINCE OCTOBER 2010 BY PROSECUTORIAL AND POLICE MISCONDUCT INCLUDING NEGLIGENT INVESTIGATION OF THE INCIDENTS OF OCTOBER 6, 2010[?]

2. WHETHER THE LOWER COURT ERRED WHEN IT DENIED [APPELLANT] A SCHEDULED HEARING ON HER CITIZEN CRIMINAL COMPLAINT CP-51-MD-61 AS THE INJURED VICTIM[?]

3. WHETHER THE LOWER COURT ERRED WHEN IT DISALLOWED [APPELLANT] TO REPRESENT HERSELF AND THEREFORE SHE HAD DISLOYAL AND INEFFECTIVE DEFENSE COUNSEL PRIOR TO AND WHEN SHE WAS NOT CO-REPRESENTING OR SELF-REPRESENT[I]NG[?]

Appellant's Brief at 2.

As a prefatory matter, we observe that appellate briefs must materially conform to the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure. *See* Pa.R.A.P. Chapter 21. When a party's brief fails to conform to the Rules of Appellate Procedure and the defects are substantial, an appellate court may, in its discretion, quash or dismiss the appeal pursuant to Pa.R.A.P. 2101. *Id*.

As we have often stated, "Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." *Commonwealth v. Adams*, 882 A.2d 496, 498 (Pa. Super. 2005) (citing *Commonwealth v. Lyons*, 833 A.2d 245,

252 (Pa. Super. 2003)). "To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." **Adams**, 882 A.2d at 498 (citing **Commonwealth v. Rivera**, 685 A.2d 1011 (Pa. Super. 1996)).

While the defects in Appellant's brief are numerous and warrant dismissal of the appeal, we decline to do so in this instance. Instantly, with regard to Appellant's first issue, we will limit our review to a determination of whether the Commonwealth presented sufficient evidence to support Appellant's conviction of disorderly conduct.

When reviewing a challenge to the sufficiency of the evidence, we evaluate the record in the light most favorable to the Commonwealth as verdict winner, giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. **Commonwealth v. Duncan**, 932 A.2d 226, 231 (Pa. Super. 2007) (citation omitted). "Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt." **Id**. (quoting **Commonwealth v. Brewer**, 876 A.2d 1029, 1032 (Pa. Super. 2005)). However, the Commonwealth need not establish guilt to a mathematical certainty, and it may sustain its burden by means of wholly circumstantial evidence. **Id**. Moreover, this Court may not substitute its judgment for that of the factfinder, and where the record

contains support for the convictions, they may not be disturbed. ***Id***. Lastly, we note that the finder of fact is free to believe some, all, or none of the evidence presented. ***Commonwealth v. Hartle***, 894 A.2d 800, 804 (Pa. Super. 2006).

The Pennsylvania Crimes Code defines disorderly conduct, in relevant part, as follows:

> **(a) Offense defined. --** A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:
>
> (1) engages in fighting or threatening, or in violent or tumultuous behavior;
>
> * * *
>
> **(c) Definition.--** As used in this section the word "public" means affecting or likely to affect persons in a place to which the public or a substantial group has access; among the places included are highways, transport facilities, schools, prisons, apartment houses, *places of business or amusement*, any neighborhood, or any premises which are open to the public.

18 Pa.C.S. § 5503 (emphasis added).

Our Supreme Court has held that an individual may be convicted of disorderly conduct "when an offender engages in fighting or threatening, or in violent or tumultuous behavior in a public arena, even when that conduct is directed at only one other person." ***Commonwealth v. Fedorek***, 946 A.2d 93, 100 (Pa. 2008). With respect to the element of intent for the crime of disorderly conduct, this Court has stated the following:

> The *mens rea* requirement of Section 5503 demands proof that appellant by her actions intentionally or recklessly created a risk

> [of causing] or caused a public inconvenience, annoyance or alarm. The specific intent requirement of this statute may be met by a showing of a reckless disregard of the risk of public inconvenience, annoyance, or alarm, even if the appellant's intent was to send a message to a certain individual, rather than to cause public inconvenience, annoyance, or alarm.

*Commonwealth v. Maerz*, 879 A.2d 1267, 1269 (Pa. Super. 2005) (internal citations and quotations omitted). "Intent can be proven by direct or circumstantial evidence; it may be inferred from acts or conduct or from the attendant circumstances." *Commonwealth v. Faulk*, 928 A.2d 1061, 1070 (Pa. Super. 2007) (citation omitted).

In addition, in *Commonwealth v. Young*, 535 A.2d 1141 (Pa. Super. 1988), this Court held that based upon the statutory definition of "public" in section 5503(c), a location retains its "public" status even when there are limitations on access that deny entry to some members of the general public, as long as a "substantial group" of people are permitted access. *Id*. at 1142-1143. In *Young*, we held that the women's restroom located in a coed college dormitory remained "public" despite obvious restrictions on access, since a substantial group (including women residents and their female visitors) had access. *Id*. at 1143. We further noted that while there were access restrictions to the dormitory itself, *i.e.*, to nonresidents, these were no different than access restrictions to apartment houses, which are nevertheless specifically defined in section 5503(c) as "public" for purposes of the disorderly conduct statute.

In addressing the sufficiency of the evidence, the trial court offered the following analysis after setting forth large portions of the trial transcript:

In this case, under a totality of the circumstances, the evidence was sufficient to establish that [Appellant] intended to cause public inconvenience, annoyance or alarm, as required to support her conviction for disorderly conduct after having been warned by both [a stadium security guard] and a police officer that she must sit down when appropriate. Instead, she continued her boisterous behavior, used foul language, maintained she could do as she wishe[d] in a loud voice, as she flailed her arms around, all under the belief that paying for her ticket gives her *carte blanche* to act in any manner which she saw fit. [Appellant's] actions required repeated intervention by Phillies' staff. She inconvenienced the fans behind her by standing and also in her aisle, as they had to leave their seats to permit [the security guard] access to [Appellant] who told him [to] "go fuck himself" and then continued her version of cheering until she was removed.

Granted, this action took place at a baseball game where cheering, standing, yelling and various noises are to be expected, however, it is only appropriate at certain times when events occurring during the game warrant the same. [The security guard] testified that at the point that he had confronted [Appellant], nothing exciting was occurring and the other fans around the area were simply seated and were watching the game.

[Appellant's] actions were not appropriate under the circumstances at the time and were unreasonable, annoying and served no legitimate purpose and which justified her removal by refusing to heed the advice of stadium personnel to follow the rules in place. Further, despite being requested to cease acting in the manner which required her to be approached in the first place, she continued to do so. [Appellant's] own words that she "could do whatever she wants" shows that she believed she was free to act in any manner she so chose, even if such actions were annoying to those around her. Clearly, such is not the case in a public venue such as this.

The evidence was clearly sufficient to support the verdict as it established each material element of the crime charged and

the commission thereof by [Appellant] beyond a reasonable doubt. **Commonwealth v. Aguado**, 760 A.2d 1181, 1185 (Pa.Super.2000) ("[T]he facts and circumstances established by the Commonwealth need not be absolutely incompatible with the defendant's innocence").

Trial Court Opinion, 1/29/15, at 24-26.

We have thoroughly reviewed the certified record before us on appeal, and we agree with the trial court's determination that the Commonwealth presented sufficient evidence to establish that Appellant committed the crime of disorderly conduct. Accordingly, Appellant's contrary claim lacks merit.

In her second issue, Appellant argues that her private criminal complaint was inappropriately handled by the trial court. Essentially, Appellant claims that, as an injured victim, the trial court erred in denying her a hearing on her private complaint.

Pennsylvania Rule of Criminal Procedure 506 governs private complaints and states, in pertinent part, that an application for a private criminal complaint should be submitted to "an attorney for the Commonwealth, who shall approve or disapprove it without unreasonable delay." Pa.R.Crim.P. 506(A). If disapproved, "the attorney shall state the reasons on the complaint form and return it to the affiant." Pa.R.Crim.P. 506(B)(2). Furthermore, if the complaint is disapproved, "the affiant may petition the court of common pleas for review of the decision." **Id**. Likewise, this Court has explained "[i]t is well-settled that, if the

Commonwealth disapproves a private criminal complaint, the complainant can petition the Court of Common Pleas for review, and the trial court must first correctly identify the nature of the reasons given by the district attorney for denying the complaint." ***In re: Private Criminal Complaint of John O'Brien Rafferty***, 969 A.2d 578, 581 (Pa. Super. 2009). The trial court's standard of review is dependent upon the reasons provided by the district attorney for the disapproval. ***Commonwealth v. Cooper***, 710 A.2d 76, 80 (Pa. Super. 1998).

Therefore, it is axiomatic that following the denial of a private complaint, the affiant must take particular steps to appeal the decision of the district attorney's office in disapproving the private complaint. The affiant cannot attempt to challenge the decision of the district attorney's office before the trial court in a separate matter, *i.e.*, criminal proceedings filed against the affiant. Consequently, we are left to conclude that the trial court did not err in refusing to indulge Appellant's attempt to review the decision of the district attorney regarding her private criminal complaint during the proceedings pertaining to the instant criminal charges filed against Appellant. Rather, pursuant to the rules of criminal procedure and applicable case law, Appellant should have challenged the decision of the district attorney in a separate proceeding. Hence, we discern no error on the part of the trial court and conclude that Appellant's issue lacks merit.

In her final issue, Appellant argues that her previous attorneys were somehow ineffective in their representation of Appellant. However, such claims cannot be addressed in this direct appeal.

Ineffective assistance of counsel claims are generally deferred to collateral review proceedings, with the exception of certain circumstances not present in the instant case. *See Commonwealth v. Arrington*, 86 A.3d 831, 856-857 (Pa. 2014) (explaining deferral of ineffective assistance of counsel claims to collateral proceedings). To be eligible for such relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9446, a petitioner must be currently serving a sentence of imprisonment, probation, or parole. 42 Pa.C.S. § 9543(a)(1)(i). As Appellant is appealing a summary conviction, for which she was sentenced to pay a fine, we find that she is not eligible for relief under the PCRA.

In *Commonwealth v. Straub*, 936 A.2d 1081 (Pa. Super. 2007), we held that a defendant convicted of a summary offense and not incarcerated or placed on probation is not entitled to litigate claims of ineffective assistance of counsel on direct appeal even though he may not be eligible for PCRA relief. *Id*. at 1083. The *Straub* Court stated the following:

> In light of the [*Commonwealth v.*] *O'Berg*[, 880 A.2d 597 (Pa. 2005)] majority's express disapproval of the jurisprudential "short sentence" exception to [*Commonwealth v.*] *Grant*[, 813 A.2d 726 (Pa. 2002)], and particularly in light of Justice Castille's cogent, thoughtful and well-reasoned concurring opinion in *O'Berg*, we conclude that, in the case at Bar, Appellant's claims of ineffective assistance of counsel may not be reviewed on direct appeal before this Court.

*Id*. at 1083-1084.  Consequently, the law does not provide Appellant with an avenue to pursue her ineffective assistance of counsel claims. ***Commonwealth v. Reigel***, 75 A.3d 1284, 1288-1289 (Pa. Super. 2013).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/1/2015