J-A07027-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GLEN PHILIP YERKES | : | |
| | : | |
| Appellant | : | No. 768 MDA 2019 |

Appeal from the Judgment of Sentence Entered April 24, 2019
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-SA-0000015-2019

BEFORE:  OLSON, J., DUBOW, J., and McLAUGHLIN, J.

MEMORANDUM BY DUBOW, J.:                    **FILED MAY 05, 2020**

Appellant, Glen Philip Yerkes, appeals from the Judgment of Sentence imposed April 24, 2019, following a bench trial resulting in his conviction for one count of Disorderly Conduct graded as a summary offense.[1]  Appellant challenges the sufficiency of the Commonwealth's evidence, asserting that his conduct created neither a hazardous nor a physically offensive condition. Upon review, we conclude that the record supports the trial court's findings that Appellant fiercely cursed at the victim while in her close proximity, thus invading her personal space and creating a physically offensive condition. Accordingly, we affirm.

Following custody proceedings, Appellant and his ex-wife's attorney, Penny V. Ayers, Esq. departed the courtroom.  N.T., 4/24/19, at 5.  At the

---

[1] 18 Pa.C.S. § 5503(a)(4).

outer doors of the courtroom, Appellant saw that Attorney Ayers followed closely behind; he paused while opening the doors, looked directly at Attorney Ayers, and called her a "fucking scumbag." *Id.* at 5, 7-8. At the time, Appellant was blocking the exit and Attorney Ayers was approximately one foot away from him. *Id.* at 5. Appellant's intonation was fierce, and Attorney Ayers felt threatened by Appellant's conduct. *Id.* at 8. Following Appellant's comment, Attorney Ayers confronted Appellant, sought assistance from the police in the courthouse, and demanded that police charge Appellant accordingly. *See id.* at 5-6, 14, 19.

Initially, the Commonwealth charged Appellant with summary Harassment. *See* 18 Pa.C.S. § 2709(a)(4). Following a hearing, the magisterial district court convicted Appellant. Appellant timely appealed to the common pleas court for trial *de novo*. The court thereafter granted the Commonwealth leave to amend its charge, and the Commonwealth proceeded with one count of summary Disorderly Conduct.

At trial, Attorney Ayers testified that Appellant turned to her as they were exiting the courtrooms, looked right at her, and fiercely called her a "fucking scumbag." N.T. at 5, 8. She also testified that she was shocked and horrified because she had rarely encountered such behavior in her twenty years of practice. N.T. at 5-6. Appellant's ex-mother-in-law witnessed the incident and corroborated Attorney Ayers' testimony that Appellant had called Ms. Ayers a "fucking scumbag." *See id.* at 10-14.

At the close of the Commonwealth's case, Appellant demurred, but the trial court denied Appellant's request to dismiss the charges. N.T. at 14-16.[2] Appellant then testified. He conceded that he had uttered "what a fucking scumbag" while in close proximity to Attorney Ayers but contended he was directing the curse toward his wife who was nearby. *Id.* at 18-19, 21. Following trial, the court convicted Appellant and imposed a $50 fine and the costs of prosecution. *Id.* at 24-25.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) Statement. The trial court issued a responsive Opinion.

Appellant raises the following issues on appeal:

1. Whether the trial court erred and/[or] abused its discretion when it denied Appellant's request for demurrer during the course of the summary conviction appeal hearing[; and]

2. Whether the trial court erred and/[or] abused its discretion when it . . . found Appellant guilty of summary [Disorderly Conduct] under 18 [Pa.C.S. §] 5503(a)(4)[.]

Appellant's Br. at 4.

In both issues, Appellant challenges the sufficiency of the evidence supporting the Disorderly Conduct conviction. *See id.* at 6-11. We, thus, address them together. "A claim challenging the sufficiency of the evidence is a question of law." *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000). We review a sufficiency challenge *de novo*; our scope of review is

---

[2] A demurrer tests the sufficiency of the Commonwealth's evidence. In modern parlance, it is akin to a motion for judgment of acquittal filed at the close of the Commonwealth's case. *See* Pa.R.Crim.P. 606 *Comment*.

limited to the evidence of record. ***Commonwealth v. Robinson***, 128 A.3d 261, 264 (Pa. Super. 2015) (*en banc*).

The Commonwealth must establish each element of the crimes charged beyond a reasonable doubt. ***Commonwealth v. Forrey***, 108 A.3d 895, 897 (Pa. Super. 2015). The fact-finder is tasked with determining the weight to be given the evidence and the credibility of the witnesses; the fact-finder may believe all, part, or none of the evidence. ***Id.*** We review the evidence, and all reasonable inferences derived therefrom, in the light most favorable to the Commonwealth. ***Commonwealth v. Maerz***, 879 A.2d 1267, 1269 (Pa. Super. 2005); ***Commonwealth v. Young***, 535 A.2d 1141, 1142 (Pa. Super. 1988).

To establish Disorderly Conduct, the Commonwealth must prove that a person "with intent to cause public inconvenience, annoyance[,] or alarm, or recklessly creating a risk thereof, . . . creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor." 18 Pa.C.S. § 5503(a)(4).

Appellant asserts, *inter alia*, that his conduct did not create a hazardous or physically offensive condition because he was just "thinking out loud." Appellant's Br. at 10. He concedes that his conduct may have been psychologically or morally offensive, but concludes that such conduct is insufficient to establish that he created a physically offensive or hazardous condition. ***See id.*** at 3, 10-11.

Generally, a physically offensive condition "encompasses direct assaults on the physical senses of members of the public." ***Commonwealth v. Williams***, 574 A.2d 1161, 1164 (Pa. Super. 1990). The condition induces a nearly involuntary response, such as where the victim recoils from an offensive odor or blinding light. ***Id.*** ("A defendant may create such a condition if she sets off a "stink bomb", strews rotting garbage in public places, or shines blinding lights in the eyes of others.").

Morally offensive, merely inappropriate, or otherwise eccentric behavior does not generally fall within the scope of conduct prohibited by the statute.[3] However, this Court has recognized that a defendant may create a physically offensive condition when he invades the personal space or privacy of someone under circumstances that cause distress or fear. For example, in ***Young***, *supra*, the male defendant entered a women's public restroom and confronted a woman sitting on a toilet in one of the stalls, causing her to scream and flee the restroom. 535 A.2d at 1142. This Court affirmed the appellant's Disorderly Conduct conviction, concluding that the appellant had created a physically offensive condition for the victim because he had invaded her personal space while she was performing a private bodily function and that a reasonable person would be offended. ***Id.*** at 1143.

_____

[3] ***See, e.g.***, ***Commonwealth v. N.M.C.***, 172 A.3d 1146, 1152 (Pa. Super. 2017) (concluding that defendant who filmed fight between two students, then disseminated video to others, engaged in morally offensive but not physically offensive conduct); ***Williams***, ***supra*** at 1165 (concluding that underwear-clad defendant crossing parking lot to break into another's car did not engage in physically offensive conduct).

The trial court in the instant case considered not only Appellant's conduct with respect to the creation of a physically offensive condition, as in *Young*, but also the circumstances surrounding it, to conclude that Appellant created "an unjustifiable risk that his words would cause public inconvenience, annoyance or alarm." Trial Ct. Op., filed Aug. 30, 2019, at 8; 18 Pa.C.S. § 5503(a)(4). In concluding that the Commonwealth presented sufficient evidence to support the conviction, the court stated:

> Turning to the facts *sub judice*, we find that the appellant chose an emotionally charged atmosphere to step within a foot of Attorney Ayers and call her a fucking scumbag, which was overheard by at least one other witness. This combined to cause a danger of risk, particularly of injuries should a scuffle ensue. The physical senses of the public were directly assaulted by the appellant when he chose to invade Attorney Ayers['] physical space to label [her] a fucking scumbag with clear intent to draw a response. This intent was clearly evident to this [c]ourt based upon Attorney Ayers' description of the delivery as "fiercer" than what was represented by defense counsel and in the fact that the appellant chose the critical chokepoint of the only public exit from York County courtrooms in order to foist his actions upon those present and to thereby cause public inconvenience, annoyance, and alarm. Even a charitable view of these events could not conclude that the appellant's actions served a legitimate purpose of the appellant. The appellant intended to disrupt the orderly conduct of public court proceedings by controlling an exit and causing the risk of an altercation through incendiary words.

*Id*. at 7.

Our review of the record supports the trial court's conclusion. Appellant, while in a confined space with Attorney Ayers just outside a courtroom that had an emotionally charged atmosphere, stepped into the personal space of Attorney Ayers and fiercely cursed at her. This demonstrated that Appellant

created a physically offensive condition with an act that serves no legitimate purpose, thereby causing a "public inconvenience . . . or recklessly creating a risk thereof." 18 Pa.CS. § 5503(a)(4). Thus, Appellant is entitled to no relief.[4]

Judgment of Sentence affirmed.

Judge McLaughlin joins the memorandum.

Judge Olson concurs in result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/05/2020

---

[4] As Appellant's conduct created a physically offensive condition, we need not consider whether it also created a hazardous condition.